1
**O'MELVENY & MYERS LLP**
RANDALL W. EDWARDS (S.B. #179053)

2
redwards@omm.com
MATTHEW D. POWERS (S.B. # 212682)

3
mpowers@omm.com
Two Embarcadero Center, 28th Floor

4
San Francisco, California 94111
Telephone:     (415) 984-8700

5
Facsimile:     (415) 984-8701

6
REBECCA A. GIROLAMO (S.B. #293422)
rgirolamo@omm.com

7
400 South Hope Street
18th Floor

8
Los Angeles, California 90071-2899
Telephone:  +1 213 430 6000

9
Facsimile:  +1 213 430 6407

10
Attorneys for Defendant
YETI Coolers, LLC

11

12
**UNITED STATES DISTRICT COURT**

13
**NORTHERN DISTRICT OF CALIFORNIA**

14
TAYLOR SMITH, individually and on
behalf of all others similarly situated,

15
                                                    Case No. 3:24-cv-01703-RFL

                  Plaintiff,
16
                                                    **YETI COOLERS, LLC'S MEMORANDUM**
                                                    **OF POINTS AND AUTHORITIES IN**
        v.
17
                                                    **SUPPORT OF MOTION TO DISMISS**
                                                    **FIRST AMENDED COMPLAINT**

18
YETI COOLERS, LLC,
                                                    *Accompanying Documents*:
19
                  Defendant.                        Notice of Motion and Motion to Dismiss;
                                                    Request for Judicial Notice; Declaration of
                                                    Hannah Tucker
20

21                                                  Date:         September 3, 2024
                                                    Time:         10:00 AM
22                                                  Courtroom:  15, 18th Floor
                                                    Judge:        Hon. Rita F. Lin

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ......................................................................................................... 1

II.  BACKGROUND .......................................................................................................... 2

III. LEGAL STANDARD ................................................................................................... 4

IV.  ARGUMENT ............................................................................................................... 5

   A.  Plaintiff's Two CIPA Claims Fail Because YETI Disclosed That Her Information Would Be Shared With Its Payment Processor................................. 6

   B.  Plaintiff fails for additional reasons to allege YETI violated Section 631(a). ........ 8

      1.  YETI did not violate the first three clauses of Section 631(a) because YETI was an intended recipient of the communication. ............... 8

      2.  Plaintiff fails to state facts sufficient to show that YETI "aided" or "conspired" with Adyen in violation of Section 631(a) clause 4. .............. 9

   C.  Plaintiff's Section 632 Claim Fails for Additional Reasons. ............................... 10

      1.  Plaintiff fails to allege that her Internet communications with payment information are "confidential" for purposes of Section 632. .............................................................................................................. 11

      2.  Plaintiff fails to allege that YETI "eavesdropped upon" or "recorded" her electronic communications. ................................................. 12

   D.  Plaintiff's Constitutional Invasion of Privacy Claim Fails to Plead Both an Egregious Breach of Social Norms and Public Dissemination of Private Facts. ........................................................................................................ 13

   E.  The Court Should Not Give Plaintiff Leave to Amend Where Further Amendment Would Be Futile. ............................................................................. 15

V.   CONCLUSION .......................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Adams v. Johnson*,
355 F.3d 1179 (9th Cir. 2004)............................................................................................ 5

*Allen v. Beverly Hills*,
911 F.2d 367 (9th Cir. 1990)............................................................................................ 15

*Allen v. Shutterfly, Inc.*,
2020 WL 5517172 (N.D. Cal. Sept. 14, 2020) .................................................................. 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................................................................... 4, 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................................... 4, 5

*Campbell v. Facebook*,
77 F. Supp. 3d 836 (N.D. Cal. 2014) .............................................................................. 11

*D'Angelo v. Penny OpCo, LLC*,
No. 23-cv-0981, 2023 WL 7006793 (S.D. Cal. Oct. 24, 2023) ...................................... 14

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010).............................................................................................. 5

*DeSoto v. Yellow Freight Sys., Inc.*,
957 F.2d 655 (9th Cir. 1992).............................................................................................. 5

*Esparza v. UAG Escondido A1 Inc.*,
No. 23-cv-0102, 2024 WL 559241 (S.D. Cal. Feb. 12, 2024)..................................... 9, 10

*Flanagan v. Flanagan*,
27 Cal. 4th 766 (2002) ..................................................................................................... 11

*Folgelstrom v. Lamps Plus, Inc.*,
195 Cal. App. 4th 986 (2011), *as modified* (June 7, 2011) ..................................... 14

*Gonzales v. Uber Techs., Inc.*,
305 F. Supp. 3d 1078 (N.D. Cal. 2018) ............................................................................ 8

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) ........................................................................... 8, 9

*Hammerling v. Google, LLC*,
No. 22-17024, 2024 WL 937247 (9th Cir. Mar. 5, 2024)................................................ 14

*Heiting v. Taro Pharms. USA, Inc.*,
No. 2:23-cv-08002, 2023 WL 9319049 (C.D. Cal. Dec. 26, 2023).................................. 9

*Hernandez v. Hillsides, Inc.*,
47 Cal. 4th 272 (2009) ..................................................................................................... 13

*Hill v. Nat'l Collegiate Athletic Ass'n*,
7 Cal. 4th 1 (1994) ........................................................................................................... 13

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*In re Google Inc.*,
   No. 13-MD-02430, 2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) ....................................... 11

*In re Yahoo Mail Litig.*,
   7 F. Supp. 3d 1016 (N.D. Cal. 2014) ................................................................... 13

*Kinsey v. Macur*,
   107 Cal. App. 3d 265 (1980).......................................................................... 13, 15

*Loder v. City of Glendale*,
   14 Cal. 4th 846 (1997) ................................................................................. 13

*Mastel v. Miniclip SA*,
   549 F. Supp. 3d 1129 (E.D. Cal. 2021)...................................................................... 9

*McCoy v. Alphabet, Inc.*,
   Case No. 20-cv-05427, 2021 WL 405816 (N.D. Cal. Feb. 2, 2021) ......................................... 6

*McDonald v. Kiloo ApS*,
   385 F. Supp. 3d 1022 (N.D. Cal. 2019) .................................................................. 14

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989)............................................................................ 15

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001)............................................................................ 4

*Nw. Forest Res. Council v. Glickman*,
   82 F.3d 825 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996)........................ 12

*Opperman v. Path, Inc.*,
   84 F. Supp. 3d 962 (N.D. Cal. 2015) .................................................................... 6

*People v. Lee*,
   31 Cal. 4th 613 (2003) ................................................................................. 9

*People v. Swain*,
   12 Cal. 4th 593 (1996) ................................................................................. 9

*Revitch v. New Moosejaw, LLC*,
   No. 18-cv-06827, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) ........................................... 11

*Ribas v. Clark*,
   38 Cal. 3d 355 (1985) .................................................................................. 8

*Rodriguez v. Ford Motor Co.*,
   No. 3:23-cv-00598, 2024 WL 1223485 (S.D. Cal. Mar. 21, 2024) ......................................... 9

*Rodriguez v. Google LLC*,
   No. 20-cv-04688, 2021 WL 2026726 (N.D. Cal. May 21, 2021)............................................. 11

*Rutter v. Apple Inc.*,
   No. 21-cv-04077, 2022 WL 1443336 (N.D. Cal. May 6, 2022)............................................. 6

# TABLE OF AUTHORITIES
**(continued)**

**Page(s)**

*Saleh v. Nike, Inc.*,
  562 F. Supp. 3d 503 (C.D. Cal. 2021)................................................................. 14

*Silver v. Stripe Inc.*,
  No. 4:20-cv-08196, 2021 WL 3191752 (N.D. Cal. July 28, 2021) ......................... 7

*Swarts v. Home Depot, Inc.*,
  689 F. Supp. 3d 732 (N.D. Cal. 2023) ............................................................. 9, 11

*Thomas v. Papa Johns Int'l, Inc.*,
  No. 22CV2012, 2024 WL 2060140 (S.D. Cal. May 8, 2024) ......................... 13, 14

*Vaccaro v. Altais*,
  No. 2:23-cv-04513, 2023 WL 7003211 (C.D. Cal. Oct. 23, 2023) ....................... 12

*Vera v. O'Keefe*,
  791 F. Supp. 2d 959 (S.D. Cal. 2011) .................................................................. 12

## **Statutes**

Cal. Penal Code § 631(a) ................................................................................ 1, 6–10

Cal. Penal Code § 632 ................................................................................ 1, 6, 10–12

1   **I.    <u>INTRODUCTION</u>**

2           The handful of allegations Plaintiff added to her First Amended Complaint do not cure the

3   many deficiencies in her claims that YETI identified in its original motion to dismiss.  Plaintiff's

4   claims are defeated by both (1) well-established limits under the California Invasion of Privacy

5   Act ("CIPA," Cal. Penal Code §§ 631(a), 632) and the California Constitution, and (2) judicially-

6   noticeable documents showing that YETI expressly disclosed in multiple ways that it used a

7   payment processor to process website purchase transactions, including Plaintiff's, and that in

8   doing so it would share the purchaser's information with that processor.  Any reasonable

9   consumer would have expected nothing different:  website merchants necessarily share payment-

10  related information with such processors.  Nevertheless, Plaintiff continues to assert that YETI

11  violated her statutory and constitutional privacy rights by sharing her identifying and payment

12  card information with its processor, Adyen.  This position is illogical:  the whole point of Plaintiff

13  providing identifying information and her payment card is to allow the merchant to process the

14  transaction, be paid, and as Plaintiff herself alleges, prevent "fraudulent transactions."  Fraud

15  prevention is obviously both laudable and reasonably expected—indeed, Plaintiff's own

16  allegations extensively discuss the dangers of fraud.  She makes no factual allegations of any

17  misuse by YETI or Adyen or any sharing of information beyond processing the transaction and

18  enhancing fraud prevention services using Adyen's own network.  In short, Plaintiff's attempt to

19  transform ordinary payment processing into "privacy" violations should be rejected out of hand.

20          In the FAC, Plaintiff again asserts two claims under CIPA and one based on the right to

21  privacy in the California Constitution.  At the threshold, all her claims fail because YETI

22  disclosed in multiple ways its information sharing with third-party payment processors (like

23  Adyen):  in its Terms and Conditions of Use and its Privacy Policy, also linked on the bottom of

24  the front page of the website, and in a highlighted pop-up banner on the first page of its website

25  with a link to the Privacy Policy.  Plaintiff therefore cannot establish a lack of consent or a

26  reasonable expectation of privacy that would preclude the sharing of such information.

27          Moreover, because Plaintiff alleges she provided the information directly to YETI, she

28  cannot establish that YETI itself, as a party to the call, engaged in any unlawful interception or

misuse under Section 631(a) or unlawful eavesdropping or recording under Section 632. Instead, she contends YETI unlawfully aided Adyen in violating those sections. But she alleges no actual facts to establish YETI knowingly aided Adyen acting for any unlawful purpose, and Section 632 does not even provide for such vicarious liability. In addition, information shared in commercial Internet transactions presumptively are not "confidential" within the ambit of Section 632.

Plaintiff's constitutional privacy claim also fails for multiple reasons. Plaintiff has no reasonable privacy expectation that her information would not be shared with Adyen when YETI repeatedly disclosed that it, like virtually all online businesses, uses a payment processor to facilitate website payment transaction. As multiple courts have explained, this sort of commercial Internet communication does not give rise to claims under California's constitutional right to privacy. And even if there had been a reasonable expectation of privacy, the information sharing targeted by this lawsuit does not rise anywhere near clearing the "high bar" required to show egregious conduct required for a constitutional claim. Still further, the absence of any allegation of a public disclosure of Plaintiff's information as a result of Adyen's activities, provides another independent reason requiring dismissal of the constitutional claim.

Plaintiff's claims all lack merit and her bareboned amendments do nothing to save them. At this stage, any further amendment would be futile and the FAC should be dismissed with prejudice.

**II.    BACKGROUND**

YETI designs, sells, and distributes consumer products such as coolers, food and beverage products, apparel, bags, outdoor gear and related accessories. *See* FAC ¶ 2. To facilitate sales, YETI operates a webpage at www.yeti.com, where customers may browse and purchase their desired products. *Id.* Naturally enough for website sales, a customer may make a purchase using a credit card. The FAC alleges that YETI processes its website sales using payment-processing vendor Adyen. *Id.* ¶¶ 7, 34. Plaintiff alleges that YETI transmits information to Adyen regarding

payment purchases.  *See, e.g.*, *id.* ¶¶ 7, 25, 57, 59, 63.[1]  Adyen uses that information for processing the transaction (*id.* ¶¶ 24, 31) and for fraud prevention (*id.* ¶¶ 25, 40).

YETI's website provides, both before and during the payment process, robust Privacy and Compliance disclosures to website visitors and customers purchasing products that explain how customer information is collected, used, and shared.  These disclosures include YETI's Terms & Conditions of Use, its Privacy Policy, and a pop-up banner about its tracking technology.  Tucker Decl., Ex. A-C.  YETI's Terms explicitly state that:

> "On certain areas of the Site, you may be given the ability to provide us with personal information, directly or through automated means.  YETI reserves the right, and you authorize YETI, to collect, use, and disclose your personal information regarding use of the Site in any manner consistent with YETI's Privacy Policy (including and except for activities for which we first require your explicit consent to be given through other means). . . . Please read our Privacy Policy for more details about our information practices."  Tucker Decl., Ex. C at 23.

YETI conspicuously makes its Privacy Policy available in multiple ways, including: (1) on its home page via a link in white text on a dark blue background; and (2) on its home page, on a bright white pop-up banner highlighted on the page, notifying users that tracking technologies are used on the website, which provides a hyperlink in blue-underlined text to the Privacy Policy for further information and review.  *See* Tucker Decl., Ex. B at 21.  Like the Terms, the Privacy Policy, in turn, discloses that:

> "We and our service providers . . . and third parties use your personal information for the following purposes… Fulfill orders and process returns that you have ordered or requested, and to communicate about such orders or returns."  Tucker Decl., Ex. A at 5.

Even more specifically, the Privacy Policy discloses that YETI uses third-party payment processors (like Adyen) to process orders:

> "We use a third-party payment service to process payments made through the Services.  If you wish to make a payment through the Services, your personal information will be collected by such third party and will be subject to the third party's privacy policy, rather than this Privacy Policy.  We have no control over, and are not responsible for, this third party's collection, use, and disclosure of your personal information."  Tucker Decl., Ex. A at 11.

---

[1] While the FAC refers several times to "tracking" by Adyen, *e.g.*, *id.* ¶ 57, no facts are alleged that Adyen otherwise tracked Plaintiff's actions on YETI's website.

Finally, the Privacy Policy further provides visitors and customers notice that YETI collects and shares personal information encompassing the limited information at issue in this case, and more.  The disclosure provides notice of collection and sharing of contact information (*e.g.*, name, address, email address, date of birth, and IP addresses) and transaction information (*e.g.*, credit card, order details, amount charged, payment method, purchase history, reviews) with its service providers.  Tucker Decl., Ex. A at 4.  Each of these documents was maintained on YETI's website before, during, and since the time Plaintiff allegedly purchased a YETI product from the website in June 2023.  Tucker Decl. ¶ 5.

Despite these clear disclosures, Plaintiff alleges that when she purchased a YETI Rambler® Bottle on the YETI website on June 14, 2023, YETI transmitted her "sensitive and confidential personally identifiable information" to its payment processor Adyen without her knowledge or consent.  *E.g.*, FAC ¶¶ 6-7, 58.  Plaintiff alleges that YETI transmitted to Adyen customer information that Adyen uses for its fraud prevention network—including name, email address, credit card information, and delivery address.  *Id.* ¶¶ 6, 25, 37, Figs. 2-4.  Plaintiff therefore contends that YETI aided Adyen in intercepting and storing her information in violation of CIPA Sections 631(a) and 632 and the California Constitution.  FAC ¶¶ 55-56, 63-65.

Plaintiff also does not allege that ***YETI*** intentionally eavesdropped upon her communications or received any information to which it was not entitled; she alleges she voluntarily provided information to YETI during her purchase checkout.  FAC ¶ 6.  Nor does she allege any facts to show that YETI intentionally aided Adyen in collecting and sharing information for any unlawful purpose.  And she does not allege that either YETI or Adyen disclosed her information publicly or for purposes unrelated to processing the transaction and preventing fraud.

### III.    LEGAL STANDARD

A defendant's motion to dismiss should be granted where, as here, the plaintiff has failed to allege facts that would establish any cognizable legal claim against that defendant.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.*

1    *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While the Court must accept all well-pleaded facts

2    as true for purposes of a Rule 12(b)(6) motion, the Court need not assume the truth of conclusory

3    allegations of law and unwarranted inferences.  *Id.* at 677-79; *Adams v. Johnson*, 355 F.3d 1179,

4    1183 (9th Cir. 2004).  A court also may consider documents subject to judicial notice and

5    documents where:  "(1) the complaint refers to the document; (2) the document is central to the

6    plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6)

7    motion."  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).  Finally, "[a]

8    district court does not err in denying leave to amend where the amendment would be futile."

9    *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

10   **IV.    ARGUMENT**

11          Plaintiff's statutory and constitutional invasion of privacy claims each fail for multiple

12   reasons.  Even after amendment, the threshold problems with all of her claims remain, including

13   that YETI fully disclosed Adyen would receive Plaintiff's payment information and Plaintiff

14   proceeded anyway, and in any event, it would be obvious to any reasonable person that a website

15   merchant would share the information with a payment processor to process the transaction and to

16   prevent fraud.  Other flaws continue to exist, too.  With respect to her Section 631 claim, Plaintiff

17   pleads no facts to establish that ***YETI*** intercepted communications from Plaintiff or that ***YETI***

18   had the intent to aid a wrongful interception of information by Adyen.  With respect to her

19   Section 632 claim, Plaintiff also has failed to plead facts plausibly showing that ***YETI*** (or any

20   third party) employed any "electronic amplifying or recording device" to "eavesdrop upon or

21   record" any purportedly "confidential" communications by Plaintiff to YETI arising from her use

22   of the checkout process on the website.  Plaintiff likewise pleads no facts to plausibly state her

23   invasion of privacy claim by showing the alleged sharing of her information was an egregious

24   breach of social norms or involved public dissemination of her private facts.  YETI identified all

25   of these flaws in its initial Motion to Dismiss, yet Plaintiff did not (because she could not) add

26   any allegations to fix these deficiencies.

27

28

**A.    Plaintiff's Two CIPA Claims Fail Because YETI Disclosed That Her Information Would Be Shared With Its Payment Processor.**

YETI's Terms and Privacy Policy expressly disclosed to Plaintiff and other YETI users that the information she provided at payment checkout would be shared with third-party service providers (like Adyen).  This defeats both the Section 631 and Section 632 claims under CIPA.  Cal. Penal Code § 631(a) (covering information only if intercepted without consent), § 632 (covering only eavesdropping or recording without consent).  And although Plaintiff asserts she did not provide consent, that assertion is directly contradicted by the FAC's factual allegations and documents subject to judicial notice and incorporated by reference.  Those documents make clear that YETI's Privacy Policy was conspicuously posted on its website in multiple places sufficient to put Plaintiff on notice of that policy, and her proceeding to make her purchase makes her now asserted lack of knowledge and consent implausible on its face.

A quick visit to YETI's public website confirms that YETI displays its Terms and its Privacy Policy conspicuously.  Yet in the FAC, Plaintiff still continues to make the untenable assertion that no policies were displayed or notice given about the information sharing,[2] even though YETI included the Privacy Policy and Terms (and a detailed explanation of YETI's public website) as part of its initial Motion to Dismiss.  And, as previously explained, her assertion can be disregarded because the Court may consider YETI's Privacy Policy and its Terms under the doctrines of incorporation by reference and judicial notice given her contention and that the FAC references the website extensively.  *See* YETI's RJN, filed concurrently; *McCoy v. Alphabet, Inc*., No. 20-cv-05427, 2021 WL 405816, at *2 (N.D. Cal. Feb. 2, 2021) (privacy policy and terms of service were properly considered under incorporation by reference doctrine); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015) (judicial notice of privacy policy); *Rutter v. Apple Inc*., No. 21-cv-04077, 2022 WL 1443336, at *3 (N.D. Cal. May 6, 2022) (judicial notice of terms and conditions).

Plaintiff's consent is established by her allegations that she purchased from YETI's website on June 14, 2023, FAC ¶ 6, coupled with the disclosures YETI made to her.  Courts in

---

[2] See FAC ¶¶ 2, 6-7, 12, 19, 33-35, 37, 43, 45, 64.

the Ninth Circuit have found constructive assent by evaluating "the conspicuousness and placement of the 'Terms of Use' hyperlink, other notices given to users of the terms of use, and the website's general design" in determining "whether a reasonably prudent user would have inquiry notice" of such terms. *Allen v. Shutterfly, Inc*., No. 20-cv-02448, 2020 WL 5517172, at *6 (N.D. Cal. Sept. 14, 2020); *see also Silver v. Stripe Inc.*, No. 4:20-cv-08196, 2021 WL 3191752, at *3 (N.D. Cal. July 28, 2021) (Courts have found that "[a] binding contract is created if a plaintiff is provided with an opportunity to review the terms of service in the form of a hyperlink," and it is "sufficient to require a user to affirmatively accept the terms, even if the terms are not presented on the same page as the acceptance button as long as the user has access to the terms of service") (internal quotations omitted).  YETI fully disclosed, among other things, how and by whom their payments are processed, contrary to Plaintiff's contentions that YETI's website did not identify for consumers that their transactions are processed by a third party and that "there is no [YETI] privacy policy that alerts consumers that their sensitive information is being shared with and indefinitely stored by a third party."  *See* FAC ¶¶ 37, 39.  YETI conspicuously makes the Privacy Policy available in multiple ways on the website:  (1) its home page provides a link in white text on a dark blue background to the Privacy Policy; and (2) also on its home page, YETI provides a bright white pop-up banner that notifies users that tracking technologies are used on the website and provides a hyperlink in blue-underlined text to the Privacy Policy for further information.  *See* Tucker Decl., Ex. B at 21.  The conspicuousness and placement of these Terms and Privacy Policy are sufficient to establish Plaintiff was on notice of those documents and constructively assented to their terms.

YETI's Terms further specifically state that Plaintiff may provide YETI and its service providers with personal information and that Plaintiff authorizes YETI, to collect, use, and disclose it consistent with YETI's Privacy Policy.  Tucker Decl., Ex. A at 4.  YETI's Privacy Policy discloses the kinds of personal information that YETI may collect, including (as Plaintiff appears to challenge here) names, email addresses, credit card information, and delivery address.  It also expressly discloses that it "use[s] a third-party payment service to process payments made through the Services" and advises website users that by making a payment on the website, "your

1    personal information will be collected by such third party and will be subject to the third party's

2    privacy policy, rather than this Privacy Policy.  [YETI has] no control over, and are not

3    responsible for, this third party's collection, use, and disclosure of your personal information."

4    Tucker Decl., Ex. A at 11.  Plaintiff's constructive assent to these Terms and the Privacy Policy

5    constitutes consent to YETI's collection and sharing of the information at issue here—which bars

6    her CIPA claims against YETI.  *Gonzales v. Uber Techs., Inc*., 305 F. Supp. 3d 1078, 1088-89

7    (N.D. Cal. 2018), *on reconsideration*, No. 17-cv-02264, 2018 WL 3068248 (N.D. Cal. June 21,

8    2018) (dismissing Plaintiffs' Section 632 claim because Plaintiff consented to the tracking of

9    vehicle through his cellphone).

10          **B.      Plaintiff fails for additional reasons to allege YETI violated Section 631(a).**

11          Section 631(a) is a wiretapping statute that targets the "secret monitoring" of

12   conversations by third parties.  *Ribas v. Clark*, 38 Cal. 3d 355, 359 (1985).  To plead a violation,

13   Plaintiff must allege facts sufficient to show that YETI engaged in:  (1) intentional wiretapping;

14   (2) willfully reading "the contents or meaning" of a communication in transit over a wire without

15   her consent; (3) attempting to use or communicate information obtained as a result of engaging in

16   either of the previous two activities; or (4) aiding another in one of those three actions.  Cal. Penal

17   Code § 631(a); *Graham v. Noom, Inc*., 533 F. Supp. 3d 823, 831 (N.D. Cal. 2021).  Because

18   Plaintiff alleges she visited YETI's website to purchase a product, she cannot now argue YETI

19   wiretapped or intercepted anything from her.  As a result, Plaintiff targets Section 631(a)'s fourth

20   clause, FAC ¶¶ 53, 56, which imposes liability on anyone who "aids, agrees with, employs, or

21   conspires with any person or persons" to violate the three clauses described above.  But her

22   allegations fall short of establishing liability for "aiding" a violation, too.

23                        1.      **YETI did not violate the first three clauses of Section 631(a) because
                                 YETI was an intended recipient of the communication.**

24

25          Plaintiff has not and cannot allege YETI (or Adyen) engaged in any wiretapping under the

26   first clause of Section 631(a).  That clause is limited to intentional wiretapping arising from the

27   use of the telephone or wires.  *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1135-36 (E.D. Cal.

28   2021).  Plaintiff also cannot, and does not try, to allege facts to show that YETI violated

1    Section 631(a)'s second clause by reading without consent the contents of a communication while

2    in transit.  Courts in the in the Ninth Circuit repeatedly have held that there is no violation of

3    Section 631(a), clause 2, by a party to the communication at issue.  *See, e.g.*, *Swarts v. Home*

4    *Depot, Inc.*, 689 F. Supp. 3d 732, 744-45 (N.D. Cal. 2023); *Graham*, 533 F. Supp. 3d at 832).

5    The FAC acknowledges YETI is a party to the communication.  *See, e.g.*, FAC ¶ 6, 7, 33, 38.

6    And because the third clause of Section 631(a) governs use of information obtained in violation

7    of clauses one and two, Plaintiff does not and cannot allege YETI violated the third clause of

8    Section 631(a) either.

9                          2.    **Plaintiff fails to state facts sufficient to show that YETI "aided" or**
                                 **"conspired" with Adyen in violation of Section 631(a) clause 4.**
10

11          Plaintiff fails to state a claim against YETI under Section 631(a)(4) because she does not

12   allege facts to show YETI "aid[ed], agree[d] with, employ[ed], or conspire[d]" with Adyen to

13   commit an underlying violation.  Under California law, a conspiracy requires an agreement and a

14   defendant's specific intent to commit the unlawful acts that are the objects of the conspiracy.

15   *E.g., People v. Swain*, 12 Cal. 4th 593, 600 n.1 (1996).  A similar requirement exists for "aiding"

16   under the criminal law—Plaintiff must show that YETI had knowledge of "the unlawful purpose

17   and intended to help the other accomplish that purpose."  *E.g., People v. Lee*, 31 Cal. 4th 613, 624

18   (2003) (defendant must "give such aid or encouragement with knowledge of the criminal

19   purpose" and "with an intent or purpose either of committing, or of encouraging or facilitating

20   commission of, the crime in question") (internal quotation marks omitted).  These principles

21   apply equally to civil claims brought under Section 631(a).  *E.g., Rodriguez v. Ford Motor Co.*,

22   No. 3:23-cv-00598, 2024 WL 1223485, at *14 (S.D. Cal. Mar. 21, 2024); *Esparza v. UAG*

23   *Escondido A1 Inc.*, No. 23-cv-0102, 2024 WL 559241, at *6 (S.D. Cal. Feb. 12, 2024) (applying

24   the common law definition of aiding and abetting to Section 631(a) claim and finding plaintiff

25   failed to assert facts to support the "knowledge" prong); *Heiting v. Taro Pharms. USA, Inc.*,

26   No. 2:23-cv-08002, 2023 WL 9319049, at *6 (C.D. Cal. Dec. 26, 2023) (dismissing

27   Section 631(a) claim absent allegations to establish that defendant knowingly assisted the third

28   party in committing an unlawful act, even though defendant paid the third party).

Plaintiff does not allege facts to establish these elements.  At most, she parroted the language of Section 631(a) when claiming that YETI "intended to help Adyen learn some meaning of the content in the form fields entered by Plaintiff and Class members." FAC ¶ 56. Plaintiff does not solve the problem with that conclusory statement by adding in the FAC that YETI "is aware of the purposes for which Adyen collects consumers' sensitive and private information because [YETI] is knowledgeable of and benefiting [sic] from Adyen's fraud prevention services." FAC ¶ 41.  Under the correct legal test set forth above, Plaintiff must show YETI agreed with, and specifically **intended** to help accomplish, Adyen having **improper** access to and use of Plaintiff's information in violation of Section 631(a).  She fails to do so here. *Esparza* is analogous:  there, the plaintiff brought a Section 631(a)(4) claim against defendant car dealership, alleging that the defendant's third-party chat software provider violated Section 631(a) when it supposedly intercepted user's chat message to defendant.  2024 WL 559241, at *6.  The plaintiff alleged that the defendant aided the third-party provider merely by embedding the provider's code on its website.  The court dismissed the claim, finding the allegations insufficient to establish that defendant acted with (1) knowledge that the third-party provider intended to violate CIPA and (2) intent to facilitate third-party provider's commission of the offense—both of which are elements of a Section 631(a)(4) claim.  *Id.*  Just so here:  the FAC lacks any factual allegations whatsoever that YETI **knew** that Adyen allegedly intended to violate Section 631(a) by processing Plaintiff's payment.  Nor does Plaintiff allege, for example, that YETI had an agreement with Adyen intended to help with the unlawful interception of Plaintiff's communications with the website.  Plaintiff accordingly fails to state a claim against YETI for violating Section 631(a) clause 4.

## C.    Plaintiff's Section 632 Claim Fails for Additional Reasons.

Section 632 provides liability for a "person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, . . . by means of a telegraph, telephone, or other device . . . ."  In addition to the lack of consent discussed above, Plaintiff's factual allegations do not establish that the information at issue is "confidential" under the statute

or that YETI "eavesdropped upon" or "recorded" her electronic communications in violation of CIPA. Section 632 does not provide for vicarious liability.

1.  **Plaintiff fails to allege that her Internet communications with payment information are "confidential" for purposes of Section 632.**

Plaintiff does not and cannot allege facts sufficient to show that her communications were "confidential" within the meaning used in Section 632. A communication is confidential under Section 632 only if a party has "an objectively reasonable expectation that the conversation is not being overheard or recorded." *Rodriguez v. Google LLC*, No. 20-cv-04688, 2021 WL 2026726, at *7 (N.D. Cal. May 21, 2021) (citing *Flanagan v. Flanagan*, 27 Cal. 4th 766, 776–77 (2002)). Here, Plaintiff makes the conclusory assertion that she had "reasonable expectations of privacy with respect to [her] PII and financial information," FAC ¶ 64, but she lacks factual allegations that meet the standard in the case law.

Whether a communication is "confidential" depends on the context of the circumstances of the "actual conversation, not its content." *Flanagan*, 27 Cal. 4th at 774. Multiple federal courts in California have "developed a presumption" that commercial "Internet-based communications are not 'confidential' within the meaning of Section 632, because such communications can easily be shared." *Swarts*, 689 F. Supp. 3d at 747 (dismissing Section 632 claim where the plaintiff claimed her "confidential" chat conversation over the Internet was recorded by Home Depot's third-party service provider); *see also Rodriguez*, 2021 WL 2026726, at *7 (dismissing Section 632 claim based on communications with third-party apps); *Revitch v. New Moosejaw, LLC*, No. 18-cv-06827, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019) (dismissing Section 632 claim based on Internet-based browsing activity and form field entries); *Campbell v. Facebook, Inc.*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014) (dismissing Section 632 claim based on social media messages on Facebook); *In re Google Inc.*, No. 13-MD-02430, 2013 WL 5423918, at *22 (N.D. Cal. Sept. 26, 2013) (dismissing Section 632 claim based on email communications). Here, Plaintiff makes no factual allegations to overcome the presumption or to establish otherwise that her provision of payment information to a website merchant like YETI should be seen as a communication that is confidential as to preclude sharing with the merchant's

11

payment processor.  It would make no sense to have such a conclusion, making it unlawful for a merchant to actually process the payments when a consumer provides payment information.

### 2. Plaintiff fails to allege that YETI "eavesdropped upon" or "recorded" her electronic communications.

Yet another deficiency with any Section 632 claim against YETI is that Plaintiff has failed to allege that *YETI* eavesdropped upon or recorded her purportedly "confidential" communications.  She alleges that Adyen unlawfully eavesdropped when she was purchasing a product on YETI's website.  *See* FAC ¶¶ 63–64 (emphasis added).  She contends that YETI is liable under Section 632 for "aiding and abetting" Adyen.  *Id.* ¶ 65.  But Section 632 does not provide for the same derivative liability found in Section 631(a)(4).  Under the doctrine of avoiding surplusage, the proper grammatical reading where such language is absent from Section 632 is that Section 632 does not provide for the same aiding and abetting liability as Section 631(a).[3]  *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 834 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996) ("We have long followed the principle that statutes should not be construed to make surplusage of any provision.") (internal citation omitted).  Moreover, even if Section 632 does permit Plaintiff to bring a claim against YETI for allegedly aiding and abetting Adyen's purported violation of Section 632, this claim necessarily fails for the same reasons that Plaintiff's aiding and abetting claim under Section 631(a) fails—i.e., Plaintiff's allegations do not plausibly establish that YETI agreed with, much less *intended* to help accomplish, Adyen's purported eavesdropping or recording of her allegedly confidential information in violation of Section 632.  *Supra* Section IV(B)(2)(b).  Section 632, too, must therefore be dismissed for this additional independent reason.

---

[3] Hard Rock recognizes that two courts have allowed an aiding and abetting liability claim to survive a motion to dismiss given specific factual contentions made in those cases. See *Vaccaro v. Altais*, No. 2:23-cv-04513, 2023 WL 7003211 (C.D. Cal. Oct. 23, 2023); *Vera v. O'Keefe*, 791 F. Supp. 2d 959 (S.D. Cal. 2011). But those cases do not address the specific, intentional linguistic differences between Section 631(a) and Section 632 and are, accordingly, not persuasive, let alone dispositive.

1  **D.**    **Plaintiff's Constitutional Invasion of Privacy Claim Fails to Plead Both an**
2  **Egregious Breach of Social Norms and Public Dissemination of Private Facts.**

3        Plaintiff still falls far short of the "high bar" required to plead an invasion of privacy claim

4  under California's Constitution.  *In re Yahoo Mail Litig*., 7 F. Supp. 3d 1016, 1038 (N.D. Cal.

5  2014); *Hernandez v. Hillsides, Inc*., 47 Cal. 4th 272, 295 (2009).  To state a claim, Plaintiff must

6  allege facts establishing:  (1) a legally protected privacy interest; (2) a reasonable expectation of

7  privacy under the circumstances; and (3) conduct by the defendant that amounts to a serious

8  invasion of the protected privacy interest.  *Yahoo Mail Litig*., 7 F. Supp. 3d at 1037  (citing *Hill v.*

9  *Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 39-40 (1994)).  A serious invasion of privacy

10  requires that the challenged act must constitute an "egregious breach of the social norms

11  underlying the privacy right."  *Id*. at 1038.  In addition, except in cases involving physical

12  intrusion, the tort must be "accompanied by publicity in the sense of communication to the public

13  in general or to a large number of persons as distinguished from one individual or a few."  *Kinsey*

14  *v. Macur*, 107 Cal. App. 3d 265, 270 (1980).  The California Supreme Court has instructed that

15  courts can "weed out claims" involving insignificant or *de minimis* alleged intrusions.  *Loder v.*

16  *City of Glendale*, 14 Cal. 4th 846, 893 (1997).  Therefore, pleading and eventually proving this

17  claim is a "high bar."  *Yahoo Mail Litig*., 7 F. Supp. 3d at 1038; *Hernandez*, 47 Cal. 4th at 295.

18  Plaintiff's claim fails for three independent reasons.

19        First, Plaintiff had no reasonable expectation of privacy as to YETI's fully disclosed

20  sharing with its payment processor, Adyen, of the information Plaintiff included in the checkout

21  'form fields' for her purchase.  *See supra* at Section IV(A);  *Hill*, 7 Cal. 4th at 26 ("[T]he plaintiff

22  in an invasion of privacy case must have conducted himself or herself in a manner consistent with

23  an actual expectation of privacy, i.e., he or she must not have manifested by his or her conduct a

24  voluntary consent to the invasive actions of defendant.").

25        More broadly, numerous courts have found that, for purposes of a California

26  constitutional privacy claim, consumers do not have a reasonable expectation of privacy over

27  their commercial activity on the Internet.  For example, in *Thomas v. Papa Johns Int'l, Inc.*, the

28  court dismissed a common-law invasion of privacy claim arising from the plaintiff's use of the

13

Papa John's website to order food.  No. 22CV2012, 2024 WL 2060140, at *5 (S.D. Cal. May 8, 2024).  The *Thomas* court held that name, address, and credit card information—the same information at issue here—"is not information over which society is prepared to recognize a reasonable expectation of privacy because a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties…."  *Id.*  This is so even if the plaintiff was not notified that her information may be shared beyond that third party.  *Id.* at *4-5.  *See also D'Angelo v. Penny OpCo, LLC*, No. 23-cv-0981, 2023 WL 7006793, at *10-11 (S.D. Cal. Oct. 24, 2023) (finding no reasonable expectation of privacy even though plaintiffs did not have advance notice or provide consent to defendant's activities related to information provided on commercial website).  Plaintiff's constitutional claim fails under the same analysis.  *Hammerling v. Google, LLC*, No. 22-17024, 2024 WL 937247, at *3 (9th Cir. Mar. 5, 2024) ("Courts consider [common-law and California constitutional] claims together"); *McDonald v. Kiloo ApS*, 385 F. Supp. 3d 1022, 1033 (N.D. Cal. 2019) ("[T]he California Supreme Court has moved toward treating the tort and constitutional privacy inquiries as functionally identical.").

Second, even if there had been a reasonable expectation of privacy, Plaintiff fails to meet the "high bar" required to show that YETI's alleged conduct amounted to a serious invasion of privacy.  *Thomas* is equally instructive on the third factor:  the court found that the plaintiff failed to show that Papa John's sharing of the information she provided when ordering was "highly offensive" and an "egregious breach of the social norms," even though plaintiff alleged that Papa John's conduct caused her mental anguish, suffering, emotional distress, worry, fear, other harms, and specified that the degree of the intrusion amounts to collecting and sharing fingerprinting information from Plaintiff.  2024 WL 2060140, at *7.  Plaintiff's allegations are even more sparse than those found insufficient in *Thomas*; she alleges only that unspecified "sensitive and confidential online communications" and "financial information" were shared with Adyen.  FAC ¶ 70.  These allegations must likewise be found insufficient here.  *See also Folgelstrom v. Lamps Plus, Inc.,* 195 Cal. App. 4th 986, 992 (2011), *as modified* (June 7, 2011) (routine commercial behavior is not considered an egregious breach of social norms.); *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 524-25 (C.D. Cal. 2021) (finding that Nike's "routine" collection of plaintiff's data,

1  including IP address, location at time of visit, browser type, and credit card information, was

2  "insufficient" to demonstrate a serious invasion of a protected privacy interest).

3        Third, Plaintiff does not allege that the information shared with Adyen was outside the

4  area of legitimate public concern but was communicated "to the public in general or to a large

5  number of persons…."  *Kinsey*, 107 Cal. App. 3d at 270.  Her failure to allege any public sharing

6  or any sharing of information other than to prevent fraud (a legitimate public concern) precludes

7  her constitutional claim.

8          **E.**     **The Court Should Not Give Plaintiff Leave to Amend Where Further**

9                  **Amendment Would Be Futile.**

10        Plaintiff's minimal amendments in the FAC illustrate the futility of any future

11  amendment.  Leave to amend is properly denied where "any further amendment to the complaint

12  would likely prove futile."  *Allen v. Beverly Hills*, 911 F.2d 367, 373-74  (9th Cir. 1990).  Here,

13  any amendment to the FAC would be an "exercise in futility"; as explained above, Plaintiff's

14  amendments provide no further detail to show that her claims are plausible or that she is entitled

15  to any relief.  When given the opportunity, Plaintiff failed to fix obvious deficiencies that directly

16  contradict her allegations—such as her allegation that YETI's website does not "include any

17  identifying information…that [consumers'] transactions are being processed by a third party" that

18  is directly contradicted by the judicially-noticeable Privacy Policy and Terms that were submitted

19  along with YETI's initial Motion to Dismiss.  There is little reason to believe that another

20  opportunity to amend would change the outcome; the Court should thus dismiss the FAC without

21  leave to amend.  *See Moore v. Kayport Package Express, Inc.* , 885 F.2d 531, 538  (9th Cir. 1989)

22  (citations omitted) ("Leave to amend need not be given if a complaint, as amended, is subject to

23  dismissal.").

24  **V.**    **CONCLUSION**

25        YETI respectfully requests that the Court grant its Motion to Dismiss Plaintiff's First

26  Amendment Complaint entirely and with prejudice.  Because many of the failings identified are

27  not fixable on amendment, the dismissal should be without leave to amend.

28

Dated:  July 29, 2024

O'MELVENY & MYERS LLP
By:     */s/ Randall W. Edwards*
Randall W. Edwards

*Attorney for Defendant YETI Coolers, LLC*