**O'MELVENY & MYERS LLP**
RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
MATTHEW D. POWERS (S.B. # 212682)
mpowers@omm.com
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

REBECCA A. GIROLAMO (S.B. #293422)
rgirolamo@omm.com
400 South Hope Street
Suite 1900
Los Angeles, California 90071
Telephone:  +1 213 430 6000
Facsimile:  +1 213 430 6407

Attorneys for Defendant
YETI Coolers, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| TAYLOR SMITH, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>YETI COOLERS, LLC,<br><br>          Defendant. | Case No. 3:24-cv-01703-RFL<br><br>**YETI COOLERS, LLC'S REPLY BRIEF IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Date:         September 3, 2024<br>Time:        10:00 AM<br>Courtroom: 15, 18th Floor<br>Judge:     Hon. Rita F. Lin<br><br>*[Filed concurrently with YETI Coolers, LLC's Reply in Support of Motion to Dismiss]* |

1    **I.    <u>INTRODUCTION</u>**

2        YETI Privacy Policy, cookie banner, and Terms and Conditions of Use all are properly

3    subject to judicial notice and incorporated by reference.  As explained in detail in YETI's Request

4    for Judicial Notice ("RJN"), these documents—Exs. A-C to the Declaration of Hannah Tucker

5    (ECF No. 23-4)—are not subject to reasonable dispute ***and*** lie at the heart of Plaintiff's statutory

6    and constitutional privacy claims.

7        Plaintiff's RJN Opposition fails on its face to present any argument that would warrant

8    denial of YETI's RJN under governing law.  Plaintiff does not dispute the authenticity of any of

9    these documents.  Nor does she argue that privacy policies, terms, and a cookie banner are

10    somehow not proper subjects for judicial notice or that they have not been incorporated by

11    reference into her allegations.  Instead, Plaintiff argues that the Court should not consider these

12    documents because "they are not relevant to Plaintiff's claims."  Opp. at 3.  But that contention is

13    belied by the numerous allegations in the First Amended Complaint that put these very

14    documents at issue.  All her privacy claims are based on a supposed lack of consent, which in turn

15    depends on her express assertion that YETI had ***no*** privacy policy disclosing YETI would share

16    with its payment processor her limited personal and payment information when she voluntarily

17    entered that information when making her online purchase.  *See* FAC ¶¶ 2, 6-10, 33-37, 43, 45,

18    47, 64.

19        Because Plaintiff does not dispute the authenticity of Exhibits A-C and because both her

20    factual allegations (and even her inconsistent arguments in her Opposition) show that these

21    documents are core to her claims, the Court should take judicial notice of these documents and

22    find them to have been incorporated by reference into her pleading.

23    **II.    <u>ARGUMENT</u>**

24        Plaintiff does not dispute that Federal Rule of Evidence 201 permits courts to consider in

25    ruling on a Rule 12(b)(6) motion those "documents whose contents are alleged in a complaint and

26    whose authenticity no party questions, but which are not physically attached to the pleading…."

27    RJN at 2 (also citing cases).  As detailed in YETI's RJN, Exhibits A-C are proper subjects of

28    judicial notice and incorporated by reference into the FAC because their authenticity is

1  undisputed, they bear directly on the disclosure and consent issues that form the basis of

2  Plaintiff's statutory and constitutional privacy claims, she quotes or references them throughout

3  the FAC, and Exhibits A and C are publicly available.

4      Rule 201's authenticity requirement is met:  Exhibits A-C are not subject to reasonable

5  dispute.  Their authenticity is established by the declaration of Ms. Tucker.  Plaintiff does nothing

6  in the RJN Opposition to dispute their authenticity.  By "fail[ing] to respond to the arguments

7  raised in [YETI's RJN]," Plaintiff has "effectively abandoned" any contrary position.

8  *Montgomery v. Specialized Loan Servicing, LLC*, 772 F. App'x 476, 477 (9th Cir. 2019).

9      YETI's Motion also establishes Rule 201's requirement that the document's content be

10  alleged in the complaint.  RJN at 2-4.  Courts apply the incorporation by reference doctrine "to

11  situations in which the plaintiff's claim depends on the contents of a document."  *Knievel v.*

12  *ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  In the Opposition, Plaintiff argues that Exhibits A-C

13  are "irrelevant," Opp. at 3, even though they constitute key pages of the website at issue and are

14  the very disclosures Plaintiff directly alleges do not exist.  The contents of Exhibits A-C are core

15  to Plaintiff's claims, and the issue of disclosures is repeatedly referenced throughout the FAC.

16  Specifically, Plaintiff's claims are predicated on allegations in the FAC about what is, and

17  allegedly is not, disclosed by YETI on its website.  *See* FAC ¶¶ 2, 6-10, 33-37, 43, 45, 47, 64.

18  Plaintiff further alleges that "there is ***no*** privacy policy that alerts consumers that their sensitive

19  information is being shared and indefinitely stored by a third party."  RJN at 3; FAC ¶ 37.  The

20  policy and related terms are thus part of Plaintiff's allegations, and the incorporation by reference

21  doctrine permits the Court to consider the existence of such policies on the website on the key

22  element of her consent.

23      Likewise, Plaintiff does not deny that numerous courts find terms of service and privacy

24  policies to be proper subjects of the doctrine of incorporation by reference.  *E.g.*, Mot. at 2-4

25  (citing cases); *See In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813-14 (N.D. Cal.

26  2020) (incorporating by reference Google's Terms of Service and Privacy policy because these

27  documents "form[ed] the basis" for Plaintiffs claims); *Hoey v. Sony Elecs., Inc.*, 515 F. Supp. 2d

28  1099, 1103 (N.D. Cal. 2007) (court may take judicial notice of document if complaint refers

extensively to it or if it forms basis of plaintiffs' claims). As discussed above, Plaintiff discusses

what those documents say (or, allegedly, do not say). And Plaintiff herself references certain

cherry-picked pages on the website that purportedly support her claims. Opp. at 3 ("Plaintiff even

provides exemplars of the payment screens on the YETI website to confirm that there are no

policies in place that would provide consumers."). But, at the same time, she expressly denies the

existence of other clearly relevant parts of the website that contain privacy policies that speak to

whether such policies exist and may otherwise bar her claims. RJN Opp. 3-4. This is the exact

type of conduct that the doctrine of incorporation by reference aims to prevent. *Khoja v.*

*Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018) ("the doctrine [of incorporation

by reference] prevents plaintiffs from selecting only portions of documents that support their

claims, while omitting portions of those very documents that weaken—or doom—their claims.");

*Knievel*, 393 F.3d at 1076 (taking into account web pages attached to defendant's motion to

dismiss under the incorporation by reference doctrine because plaintiffs attached to their

complaint only the photograph and caption that they argued were defamatory but not the contents

of the surrounding web pages).

Because Exhibits A-C may be properly incorporated by reference and are subject to

judicial notice, the Court may consider their contents for the purposes of a motion to dismiss

under Rule 12(b)(6). *Khoja*, 899 F.3d at 1003 (9th Cir. 2018); *Tellabs, Inc. v. Makor Issues &*

*Rts., Ltd*., 551 U.S. 308, 322 (2007) (on Rule 12(b)(6) motion, courts "must consider …

documents incorporated into the complaint by reference, and matters on which a court may take

judicial notice); *Davis v. HSBC Bank Nevada, N.A*., 691 F.3d 1152, 1160 (9th Cir. 2012) (A court

may consider "documents whose contents are alleged in a complaint and whose authenticity no

party questions, but which are not physically attached to the [plaintiff's] pleading" and "treat such

documents as part of the complaint"). Plaintiff's contrary argument misunderstands cases that

limit consideration of documents for their truth of their contents. Cases recognize that a court

need not view the contents of a judicially noticed public document as containing an accurate

statement of historical events. *E,g,*, *Genasys Inc. v. Vector Acoustics, LLC*, 638 F.Supp.3d 1135,

1147 (S.D. Cal. 2022) (cited in Opp. at 3) (holding that courts take judicial notice of the content

of the document and the fact it was made available (filed), not for the truth recited in the document).  But Plaintiff makes an unwarranted leap when asserting the different—and inaccurate—proposition she asserts: "courts will rarely consider the actual terms of the documents."  Opp. at 4; *see also id.* at 1 (arguing against consideration of documents for "truth or relevance").  The cases she cites nowhere support that conclusion, and indeed the entire point of taking judicial notice and considering documents incorporated by reference is to consider "the actual terms" for their "relevance."  Like a contract, the policy, banner, and terms here (Exhibits A-C) are relevant for what they said (disclosed), not for the underlying truth.  For purposes of the motion to dismiss, the point is not whether the documents prove YETI did share limited information with Adyen—which, in any event, Plaintiff herself alleges.  The point is that the document conspicuously disclosed that YETI would share that information—meaning Plaintiff was on notice and, by proceeding, assented.  The operative language is relevant for the fact it was said, just like in a contract.  *E.g.*, *Salinas Valley Mem'l Healthcare Sys. v. Monterey Peninsula Horticulture, Inc.*, 2019 WL 2569545, at *4 (N.D. Cal. June 21, 2019) (incorporating by reference Administrative Service Agreement which governed disputed conduct); *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1113-14 (C.D. Cal. 2003) (taking judicial notice of contracts that provided foundation for the plaintiffs' claims), *Schuman v. Microchip Tech.*, 372 F. Supp. 3d 1054, 1057 n.2 (N.D. Cal. 2019) (incorporating by reference release agreement because it "form[ed] the basis" of claim that Plaintiffs were "acting in violation of the release agreement").

Plaintiff further argues that Exhibits A-C are "irrelevant" because she alleges that no policy provided constructive notice of the limited information sharing at issue on YETI's website.  RJN Opp. at 3.  But she cannot defeat incorporation by reference by pointing to allegations that the documents say something different.  *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1163 (9th Cir. 2019) (affirming district court's consideration of a memorandum under the incorporation by reference doctrine even though Plaintiffs dispute "the accuracy of the contents of the memorandum" because of their ongoing and substantial reliance on the memorandum).  And Exhibits A-C, again, are directly related to what Plaintiff was on notice of as a result of YETI's

website clearly and conspicuously displaying its Privacy Policy and Terms, including in a pop-up

banner on the home page, as well as a link on every single subpage in obvious bold white text

against a dark blue background, at the bottom of the page where consumers routinely find these

types of hyperlinks on a merchant's website.  When clicked on, these links direct consumers to

Exhibits A and C, which are true and correct copies of the Privacy Policy and Terms as displayed

on the website at the time Plaintiff accessed it.  Tucker Decl. ¶¶ 5-6.  Plaintiff's argument that the

disclosures are "irrelevant" thus cannot survive given all her claims depend on alleged lack of

notice and consent.  *See Calhoun v. Google, LLC*, 645 F. Supp. 3d 916 (N.D. Cal. 2022)

(dismissing plaintiffs' Section 631 claim because "plaintiffs consented to, the collection of the at-

issue data."); *Gonzales v. Uber Techs., Inc*., 305 F. Supp. 3d 1078, 1088-89 (N.D. Cal. 2018), *on

reconsideration*, No. 17-cv-02264, 2018 WL 3068248 (N.D. Cal. June 21, 2018) (dismissing

plaintiffs' Section 632 claim because plaintiffs consented to the tracking of vehicle through his

cellphone); *TBG Ins. Servs. Corp. v. Superior Ct*., 96 Cal. App. 4th 443, 452 (2002) (finding

plaintiff has no privacy claim under the California Constitution because plaintiff "fully and

voluntarily relinquished his privacy rights in the information he stored in his home computer"

after he signed and consented to company's policy.)

In short, Plaintiff cannot oppose judicial notice and incorporating by reference simply

because the documents reveal the inconvenient truth that her allegations about them are

inaccurate.

### III.    CONCLUSION

For the reasons discussed in YETI's RJN and above, the Court should take judicial notice

of Exhibits A-C of the Tucker Declaration.


Dated:  August 19, 2024                    O'MELVENY & MYERS LLP

By:    */s/ Randall W. Edwards*
          Randall W. Edwards

*Attorneys for Defendant YETI Coolers, LLC*

5