1  **O'MELVENY & MYERS LLP**
   RANDALL W. EDWARDS (S.B. #179053)
2  redwards@omm.com
   MATTHEW D. POWERS (S.B. # 212682)
3  mpowers@omm.com
   Two Embarcadero Center, 28th Floor
4  San Francisco, California 94111
   Telephone:    (415) 984-8700
5  Facsimile:    (415) 984-8701

6  REBECCA A. GIROLAMO (S.B. #293422)
   rgirolamo@omm.com
7  400 South Hope Street
   19th Floor
8  Los Angeles, California 90071
   Telephone:   (213) 430-6000
9  Facsimile:   (213) 430-6407

10 *Attorneys for Defendant*
   *YETI Coolers, LLC*

11
12                    **UNITED STATES DISTRICT COURT**
13                    **NORTHERN DISTRICT OF CALIFORNIA**

14 | TAYLOR SMITH, individually and on behalf of all others similarly situated, | Case No. 3:24-cv-01703-RFL |
|---|---|
| Plaintiff, | **YETI COOLERS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| YETI COOLERS, LLC, | *Accompanying Document:* Notice of Motion and Motion to Dismiss |
| Defendant. | |
| | Date:       Janauary 7, 2025 |
| | Time:       10:00 AM |
| | Courtroom:  15, 18th Floor |
| | Judge:      Hon. Rita F. Lin |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 1

III. LEGAL STANDARD .......................................................................................................... 4

IV. ARGUMENT ....................................................................................................................... 4

    A. Plaintiff's Two CIPA Claims Fail To State Facts Sufficient To Show That YETI Knew of and Assisted Adyen in Conduct That Violated the Statute. ............ 5

    B. Plaintiff's Constitutional Invasion of Privacy Fails Because She Does Not Allege Facts Sufficient To Show Public Dissemination or A Serious Invasion of Privacy. ............................................................................................... 7

    C. Plaintiff Consented to YETI's Terms and Privacy Policy. .................................... 8

    D. The Court Should Not Give Plaintiff Leave to Amend Yet Again Where Further Amendment Would Be Futile. ................................................................... 9

V. CONCLUSION .................................................................................................................... 9

## I. INTRODUCTION

Plaintiff's Second Amended Complaint ("SAC") did not cure the specific failures identified in the Court's Order granting YETI Coolers, LLC's motion to dismiss all three privacy claims in Plaintiff's prior Complaint. The Court's Order (ECF No. 32) was clear: it held that Plaintiff failed to allege *facts* "sufficient to allow a plausible inference" that YETI knew any of Adyen's purportedly improper sharing of data. The Court granted Plaintiff leave to amend to try to salvage those claims but required that Plaintiff's amendments "correct the identified deficiencies."

The SAC does nothing to correct those deficiencies. It instead adds more allegations about what Adyen does, what services Adyen offers, and what data Adyen may collect from companies that use those services, and what *Adyen* knew about how it was using any data collected—all of which just expand the same type of information that the prior Complaint alleged, too. The SAC then asserts the conclusion that YETI, simply because it "cho[se] to integrate" certain unidentified Adyen payment processor services, somehow knew that Adyen collected Plaintiff's personal information for use to build in Adyen's fraud prevention network. But the SAC still does not make any factual allegations about YETI's knowledge, let alone factual allegations sufficient to "allow a plausible inference" that YETI knew that Adyen used YETI payment processing data for Adyen's own separate purposes, nor does it allege that YETI ever knew that Adyen's collection and use of such payment processing data allegedly violated any consumer statutory or privacy rights.

Because none of the limited amendments in the SAC correct the identified deficiencies in the Order, the Court should again dismiss Plaintiff's claims. And this time it should be with prejudice.

## II. BACKGROUND

As explained in YETI's Motion to Dismiss the First Amended Complaint, YETI operates www.yeti.com (the "Website"), a webpage to facilitate the sales of its consumer products. SAC ¶ 2. To process purchases on this webpage, YETI uses payment processing vendor Adyen. *Id*. at ¶ 43. Consequently, despite YETI's conspicuously posted Privacy Policy and Terms, Plaintiff

1  alleges that when she purchased a YETI rambler from the Website on June 14, 2023, she entered
2  names, email addresses, delivery address, and "financial information," and YETI purportedly
3  disclosed that information to Adyen without her knowledge or consent. *Id*. ¶¶ 6-7. Adyen in turn
4  purportedly used this information not only to process the transaction but also "indefinitely
5  stor[ed]" it to develop its fraud prevention network. *Id*. ¶¶ 35, 46.

6  The SAC asserts three claims violating her privacy rights under California Invasion of
7  Privacy Act ("CIPA") Sections 631(a) & 632 and the California Constitution. *Id.* ¶¶ 63-85. Those
8  are the same three claims that Plaintiff had asserted in the First Amended Complaint ("FAC").
9  *See* ECF No. 21 ¶¶ 50-73. The claims in both the FAC and SAC are all premised on derivative
10 liability—that is, YETI's alleged aiding Adyen's unconsented-to use of information about
11 Plaintiff.

12 To support the claims, the FAC contained numerous allegations about how Adyen's
13 services worked, including screenshots. *E.g.*, FAC ¶¶ 8, 24-32, 36, 40. In addition, the FAC
14 included an allegation that YETI "knowingly and willfully assist[ed] a third party with
15 intercepting and recording information confidential communications that contain consumers'
16 sensitive financial information." FAC ¶ 3; *see also id.* ¶¶ 39, 56 (alleging conclusion that YETI
17 "intended to help Adyen"). And the FAC had alleged "Yeti is aware of the purposes for which
18 Adyen collects consumers' sensitive and private information because Defendant [YETI] is
19 knowledgeable of and benefiting from Adyen's fraud prevention services." *Id.* ¶ 41.

20 The Court nonetheless dismissed Plaintiff's FAC with leave to amend on October 21,
21 2024. *See* Order. The Court concluded that Plaintiff failed to allege facts sufficient to allow a
22 plausible inference of YETI's knowledge that Adyen purportedly intercepted and used customers'
23 personal information to create and operate a fraud prevention network when Adyen processed
24 payment transactions on the YETI Website. Order at 7-9, 13. That conclusion specifically noted
25 the inadequacy of Plaintiff's allegation about YETI's awareness. *Id.* at 7 (discussing FAC ¶¶ 39,
26 41).

27 In response, Plaintiff filed the SAC that is the subject of this Motion. Most of the SAC
28 repeats Plaintiff's recitation of the facts giving rise to the claims in the SAC, which are described

in the Order and YETI's prior motions to dismiss.  *See* ECF Nos. 20, 23 and 32.  The amendments to the SAC include a handful of new allegations, but they are almost entirely more of the same about ***Adyen's*** actions and knowledge, not ***YETI's***.  These amendments include the following:

- Multiple allegations, some including screenshots, describing various services offered by Adyen (not YETI) and data that Adyen ***may*** collect.  *See, e.g.*, SAC ¶¶ 27-35.

- Allegations that, when processing purchases from YETI's Website, Adyen "intercepts" certain consumer information without the consumer's knowledge in two ways: (1) through data entered in the payment fields at checkout such as names, email addresses, card information, and delivery address; and (2) through a cookie on YETI's Website that intercepts data points such as customer's network, device, IP address, time spent on the checkout page and time required for transaction completion.  *Id.* ¶¶ 32, 33.

- Allegations that Adyen uses this data to create "unique consumer profiles for every customer" —allegedly with unspecified data elements relating to ***device*** (not personal) information—and that Adyen "indefinitely store[s]" those profiles in its data ecosystem and offers them as part of its fraud prevention services to a network of merchants.  *Id*. ¶¶ 35, 49.

- Allegations that Adyen's fraud prevention services "go far beyond routine commercial behavior" and Adyen differentiates itself from its competitors through its "tools and services." *Id.* ¶ 38.  The SAC does not allege how Adyen's services go "far beyond routine commercial behavior."  *See id.*

These allegations about Adyen do not address YETI's alleged knowledge, and they are largely just more elaboration of what was already in the FAC.  FAC ¶¶ 8, 24-32, 36, 40.

The SAC also includes a few conclusory assertions about YETI's knowledge, essentially echoing what already was in the FAC and found to be insufficient.  *Compare* SAC ¶ 52 *with* FAC ¶ 41 (both alleging YETI "is aware of the purposes for which Adyen collects consumers' sensitive and private information"); *and compare* SAC ¶ 53 (YETI "knows it is unlawful") *with* FAC ¶ 3 (YETI "knowingly and willfully assist[ed]" Adyen).  And like the FAC, the SAC also includes an allegation that YETI knowingly chose to integrate with Adyen.  SAC ¶ 54; FAC ¶¶

12, 34. None of these conclusory allegations add anything meaningful to "correct the identified deficiencies" the Court's Order ruled warranted dismissal of Plaintiff's claims for lack of factual allegations of YETI's knowledge to support the CIPA and constitutional claims.

The SAC does add an allegation that YETI "knows that the PII and financial information it allows Adyen to intercept from its Website will be indefinitely stored and incorporated into Adyen's fraud prevention services because Adyen has explained to [YETI] that this is how its services function." SAC at ¶ 54. But the SAC does not allege any facts that would establish such knowledge, such as a factual allegation that Adyen ever disclosed to YETI that Adyen may use certain customer information for its own purposes to create unique profiles for its fraud prevention product, nor any factual allegation about how or when Adyen explains to YETI "how their fraud prevention services" are built.

## III. LEGAL STANDARD

A defendant's motion to dismiss should be granted where, as here, the plaintiff has failed to allege facts that would establish any cognizable legal claim against that defendant. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A plaintiff must plead enough *facts* to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court need not assume the truth of conclusory allegations of law and unwarranted inferences. *Id.* at 677-79; *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Further, "[a] district court does not err in denying leave to amend where the amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## IV. ARGUMENT

The Court previously dismissed Plaintiff's claims under CIPA §§ 631 and 632, as well as her constitutional privacy claim, because Plaintiff failed to allege facts sufficient to establish YETI's knowledge that Adyen allegedly engaged in "unlawful" conduct in using information purportedly collected from YETI customers' payment transactions for Adyen's fraud prevention network services.[1] The SAC's amendments do nothing to cure that failure. Plaintiff's two CIPA claims fail because Plaintiff did not point to any facts showing that YETI knew about or assisted

---

[1] CIPA is found in California Penal Code §§ 631-38.

Adyen in engaging in conduct that violates CIPA Sections 631(a) or 632. *See* Order at 7-8 (Section 631(a)), 9-10 (Section 632). Plaintiff's constitutional privacy claim likewise fails because, absent allegations that YETI knew that Adyen was using consumer personal information for additional purposes, YETI's conduct is merely "routine commercial behavior" that does not rise to the requisite level to establish a serious invasion of privacy. Order at 12.

Although Plaintiff was permitted leave to amend to "correct the identified deficiencies," she has failed to do so. Plaintiff's continued inability to state facts sufficient to save her claims warrants dismissal with prejudice.

### A. Plaintiff's Two CIPA Claims Fail To State Facts Sufficient To Show That YETI Knew of and Assisted Adyen in Conduct That Violated the Statute.

Plaintiff has not alleged any facts establishing that YETI is derivatively liable for wiretapping under CIPA § 631(a) or recording and eavesdropping under CIPA § 632. Plaintiff fails again to allege facts showing that YETI knew of conduct by Adyen that purportedly violated CIPA and intended to or provided substantial assistance to aid that violation.

To show that YETI violated Section 631(a) clause 4, Plaintiff must point to facts demonstrating that YETI "aid[ed]," agree[d] with, employ[ed], or conspire[d]" with Adyen to commit a violation under Section 631(a). Cal. Pen. Code § 631(a). To state a claim, Plaintiff therefore must plead facts sufficient to show both ***YETI's*** knowledge of conduct by Adyen that violates the statute and ***YETI's*** intent to assist Adyen to commit those unlawful acts. *See* Order at 7-8; *Esparza v. UAG Escondido A1 Inc.*, No. 23-cv-0102, 2024 WL 559241, at *6 (S.D. Cal. Feb. 12, 2024) (dismissing Section 631(a) clause 4 claim because plaintiff failed to assert facts to support a finding of knowledge); *Heiting v. Taro Pharms. USA, Inc.,* 709 F. Supp. 3d 1007, 1019 (C.D. Cal. 2023) (dismissing Section 631(a) claim absent allegations to establish that defendant knowingly assisted the third party in committing an unlawful act, even though defendant paid the third party). Plaintiff's wiretapping claim under Section 631(a) necessarily fails because the SAC adds no new factual allegations to create a plausible inference that YETI had the "requisite knowledge and intent" to find a violation. *See* Order at 8. Likewise, as the Court previously held in its Order dismissing the FAC, Plaintiff's "aiding and abetting" claim under Section 632

necessarily fails for the exact same reasons that Plaintiff's aiding claim under Section 631(a) fails—i.e., Plaintiff's allegations do not plausibly establish that YETI was aware of, much less intended to help accomplish, Adyen's purported eavesdropping or recording of her allegedly confidential information in violation of Section 632.  Order at 10.

The Court already ruled that the FAC's allegations were deficient.  The SAC does not have any new factual allegations sufficient to show that YETI knew and intended to aid Adyen's use of YETI's customer's information to build Adyen's fraud prevention services, let alone that YETI intended to assist Adyen in any violation of the law.  The SAC fails to "correct the identified deficiencies" by simply repeating conclusory assertions in the FAC using the same or similar language.  For example, the SAC repeats that YETI is "aware of the purposes for which Adyen collects consumers' sensitive and private information because [YETI] is knowledgeable of and benefiting from Adyen's fraud prevention services." *Id.* ¶ 52.  But that conclusory assertion already was in the failed FAC.  FAC ¶ 41.  Likewise, the SAC does not correct deficiencies by rephrasing slightly its conclusory assertions that YETI intended to aid Adyen or that YETI knows of this unlawful conduct because YETI "chose to integrate" Adyen to use its services.  *Compare* SAC ¶¶ 53-54 *with* FAC ¶¶ 3, 12, 34.  The allegations are still not enough under *Iqbal* and *Twombly*.  *Iqbal*, 556 U.S. at 677-79; *Twombly*, 550 U.S. at 570.  As this Court has previously held, these kinds of "conclusory allegations do not contain sufficient facts for the Court to draw a plausible inference that [YETI] knowingly agreed with or employed Adyen to engage in conduct that violated the wiretapping statute."  Order at 8.

Nor is it sufficient for the SAC to add an allegation that YETI "knows that the PII and financial information it allows Adyen to intercept from its Website will be indefinitely stored and incorporated into Adyen's fraud prevention services because Adyen has explained to Defendant that this is how its services function."  SAC ¶ 54.  The SAC is devoid of any *facts* showing how or when Adyen "explained" how its "services function" to YETI or that Adyen ever informed YETI about the particular data that Adyen may collect, how Adyen may use that data for purposes beyond the processing of payment transactions on YETI's Website, or how Adyen develops the information (if even used) for its fraud prevention network.  *Sanchez v. Aviva Life*

1  *& Annuity Co.*, 2009 WL 10694223 (E.D. Cal. Nov. 18, 2009) is instructive. In that case, the
2  plaintiff brought, among other things, an aiding and abetting claim against defendants life insurer
3  and insurance agent for conspiring to sell sham investments. *Id.* at *1-3. The plaintiff alleged,
4  with respect to the life insurer's knowledge, that (1) the insurance agent "explained" his plan to
5  the insurer, and (2) the agent presented its plan during a free seminar to investors with the
6  insurer's "knowledge and involvement." *Id.* at *3. The *Sanchez* court found plaintiff's assertions
7  conclusory and insufficient to establish the insurer's knowledge of or involvement in the
8  conspiracy because plaintiff failed to allege what the agent "allegedly told [the insurer] during the
9  purported (but nonspecific) 'series of communications.'" *Id.* at *5. So too here. Plaintiff's
10 "nonspecific" assertion that "Adyen explained to [YETI]" how its "services function," without
11 identifying whether and what Adyen "allegedly told" YETI is inadequate to state a claim.

12       Moreover, the SAC does nothing to correct the identified deficiencies by including further
13 allegations about the services ***Adyen*** offers, the data that may be collected as part of those
14 services, and the tools that may be available to those who use its services. *E.g.*, SAC ¶¶ 27-35.
15 These allegations miss the key point; they do not address YETI's knowledge. And the
16 allegations—including screenshots—are not materially new either. *See* FAC ¶¶ 28, 30, 31, 33,
17 35. In any event, the screenshots show that Adyen collects data about users' devices, including
18 "browser type, device model, IP address, operating system, user agent," and information about
19 behavior on the website. SAC Fig. 1-6. These screenshots actually cut against Plaintiff's
20 allegations that YETI knew Adyen allegedly improperly collected consumers' personal
21 information in at least two ways. Not only does this information not qualify as "contents" under
22 Section 631(a), *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082-83 (C.D. Cal. 2021),
23 but these screenshots also do not show that YETI was aware that any ***personal*** information would
24 be collected and shared with Adyen.

25       **B.**    **Plaintiff's Constitutional Invasion of Privacy Fails Because She Does Not Allege Facts Sufficient To Show Public Dissemination or A Serious Invasion**
26             **of Privacy.**
27       As an initial matter, as YETI explained in its prior motion to dismiss, Plaintiff does not
28 allege that the information shared with Adyen was outside the area of legitimate public concern

1  but was communicated "to the public in general or to a large number of persons," as required to
2  plead an invasion of privacy claim. *Kinsey v. Macur*, 107 Cal. App. 3d 265, 270 (1980).
3  Although the Court did not address this issue in the Order, Plaintiff's failure to allege any public
4  sharing or any sharing of information other than to prevent fraud (a legitimate public concern)
5  continues to preclude her constitutional claim.

6         Independently, the SAC also still does not contain any facts showing any "egregious
7  breach of the social norms," as required to state a privacy claim under the California constitution.
8  *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014). This Court expressly ruled
9  that: "Whether Defendant's conduct was highly offensive turns on what specifically Plaintiff is
10 alleging Defendant knew. If Defendant simply engaged Adyen to undertake ordinary payment
11 processing responsibilities, that conduct alone cannot amount to a serious invasion of Plaintiff's
12 privacy." Order at 12-13. Plaintiff asserts the unsupported conclusion that the fraud prevention
13 services "go far beyond routine commercial behavior." SAC ¶ 38. As discussed above, however,
14 Plaintiff fails to adequately plead that YETI knew that Adyen's purportedly used data collected
15 from online consumers, like YETI customers, for Adyen's fraud prevention network. *See supra*
16 at Section IV(A). Instead, the SAC merely reiterates that YETI engaged Adyen for payment
17 processing services, conduct that amounts to mere "routine commercial behavior" and does not
18 qualify as conduct so egregious as to constitute a "serious invasion of privacy." *Folgelstrom v.*
19 *Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 992 (2011), *as modified* (June 7, 2011) (routine
20 commercial behavior is not considered an egregious breach of social norms.); *Saleh v. Nike, Inc.*,
21 562 F. Supp. 3d 503, 524-25 (C.D. Cal. 2021) (finding that Nike's "routine" collection of
22 plaintiff's data, including IP address, location at time of visit, browser type, and credit card
23 information, was "insufficient" to demonstrate a serious invasion of a protected privacy interest).

24      **C.**      <u>**Plaintiff Consented to YETI's Terms and Privacy Policy.**</u>

25        As explained in detail in YETI's Motion to Dismiss the FAC, ECF No. 23, Plaintiff
26 constructively assented to YETI's collection and sharing of the information at issue here—which
27 bars her CIPA claims against YETI. *Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1088-
28 89 (N.D. Cal. 2018), *on reconsideration*, No. 17-cv-02264, 2018 WL 3068248 (N.D. Cal. June

21, 2018) (dismissing Plaintiffs' Section 632 claim because Plaintiff consented to the tracking of vehicle through his cellphone).  YETI understands the Court's prior ruling denying its motion to dismiss on consent grounds.  But for appeal preservation purposes should the Court grant relief on other grounds and Plaintiff then appeal that dismissal, YETI reiterates here that its privacy policy and terms—documents properly incorporated by reference and subject to judicial notice—disclosed the use of payment processors and the potential collection of certain data during transactions.  *See* YETI MTD at 6-8, ECF No. 23; YETI's RJN, ECF No. 23-6; Declaration of Hannah Tucker, ECF No.23-2.

### D. The Court Should Not Give Plaintiff Leave to Amend Yet Again Where Further Amendment Would Be Futile.

In the face of a specific Court ruling as to the prior complaint's inadequacies, Plaintiff's amendments to the SAC only added further conclusory statements regarding the services Adyen generally offers.  These limited amendments confirm that granting any future opportunity to amend is futile.  *DeSoto*, 957 F.2d at 658 (denying leave to amend where further amendment to the complaint "would be futile").  As explained above, Plaintiff's amendments do not provide further factual allegations that could lead to the plausible inference that she is entitled to any relief for her statutory and constitutional privacy claims.  The minimal changes demonstrate Plaintiff's inability to cure the deficiencies that the Court previously identified—including, for example, key allegations that YETI has knowledge of Adyen's use of PII and financial information to create or refine its fraud prevention system.  There is no reason to believe that another opportunity to amend would change the outcome; so the Court should thus dismiss the SAC without leave to amend.  *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citations omitted) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.").

### V. CONCLUSION

For the reasons stated, YETI respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Second Amended Complaint entirely, without leave to amend.

Dated: November 22, 2024

O'MELVENY & MYERS LLP
By: /s/ Randall W. Edwards
Randall W. Edwards

*Attorney for Defendant YETI Coolers, LLC*