**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
Stephen A. Beck (*pro hac vice*)
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: (305) 330-5512
E-mail: swestcot@bursor.com
sbeck@bursor.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

TAYLOR SMITH, individually and on behalf of all others similarly situated,

Plaintiff,

v.

YETI COOLERS, LLC,

Defendant.

Case No. 3:24-cv-01703-RFL

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Date: February 4, 2025
Time: 10:00 a.m.
Place: 15, 18th Floor
Judge: Hon. Rita F. Lin

## TABLE OF CONTENTS

PAGE(S)

INTRODUCTION .......... 1

BACKGROUND .......... 2

LEGAL STANDARD .......... 2

ARGUMENT .......... 3

I. DEFENDANT WAS KNOWLEDGEABLE OF AND ASSITED IN ADYEN'S WRONGDOING .......... 3

II. DEFENDANT'S CONDUCT IS A SERIOUS INVASION OF PRIVACY .......... 5

III. PLAINTIFF DID NOT CONSENT TO THE INTERCEPTION OF HER PRIVATE INFORMATION .......... 6

IV. LEAVE TO AMEND SHOULD BE FREELY GIVEN .......... 6

CONCLUSION .......... 7

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 2, 3

*DeSoto v. Yellow Freight Sys., Inc.*,
957 F.2d 655 (9th Cir. 1992) .......... 7

*Foman v. Davis*,
371 U.S. 178 (1962) .......... 6

*Hill v. Nat'l Collegiate Athletic Ass'n*,
26 Cal. Rptr. 2d 834 (Ct. App. 1994) .......... 5

*Humphrey v. J.M. Smucker Company*,
2023 WL 3592093 (N.D. Cal. May 22, 2023) .......... 2

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) .......... 2, 6

*Moore v. Kayport Package Express, Inc.*,
885 F.2d 531 (9th Cir. 1989) .......... 7

*Nayab v. Capital One Bank (USA), N.A.*,
942 F.3d 480 (9th Cir. 2019) .......... 6

*Revitch v. New Moosejaw, LLC*,
2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) .......... 5

*Ribas v. Clark*,
38 Cal. 3d 355, 696 P.2d 637 (1985) .......... 5

*Sanchez v. Aviva Life & Annuity Co.*,
2009 WL 10694223 (E.D. Cal. Nov. 18, 2009) .......... 4

*Silver v. Stripe Inc.*,
2021 WL 3191752 (N.D. Cal. Jul. 28, 2021) .......... 6

*Somers v. Apple, Inc.*,
729 F.3d 953 (9th Cir. 2013) .......... 2

*Valenzuela v. Nationwide Mut. Ins. Co.*,
686 F. Supp. 3d 969 (C.D. Cal. 2023) .......... 4

*Yoon v. Lululemon USA, Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021) .......... 5

**STATUTES**

Cal. Penal Code § 631(a) .......... 3, 5

**RULES**

Fed. R. Civ. P. 15(a)(2) .......... 6

## INTRODUCTION

California protects consumers by requiring companies to disclose their data sharing practices when collecting sensitive, private information. Despite these requirements, Defendant YETI Coolers, LLC ("Defendant" or "Yeti") assists a third-party payment processing company, Adyen, in intercepting and indefinitely storing customers' personal and financial information when making purchases on Defendant's website, www.yeti.com. The information Defendant assists Adyen in intercepting is then monetized by Adyen through the sale of risk management and fraud prevention services to other retailers.

All of this is accomplished without consumers' knowledge or consent as Defendant fails to provide consumers with any notice regarding its data collection and sharing practices. At no point are consumers aware that Adyen is collecting and monetizing their personal and financial information when completing a transaction on Defendant's website. That is by design. Defendant assists Adyen in intentionally mimicking its webpage to give the illusion that consumers are communicating directly with Defendant.

Adyen's practices go far beyond routine commercial behavior. Rather than engaging as a service provider to merely process consumer transactions, Adyen intercepts sensitive personal and financial information from third party websites, like Defendant's, and monetizes this information by incorporating it into its fraud prevention network. Adyen accomplishes this in two ways. First Adyen instructs merchants that utilize its platform, like Defendant, to install cookies on consumers' browsers in order to intercept sensitive information related to their transaction and interaction with the checkout page. Adyen also intercepts personal and financial information from the payments fields on its merchants websites. This data fuels its risk management and fraud prevention services, which allow merchants to gain valuable insights into consumers' purchasing history. All of this is accomplished without consumers' knowledge or consent.

Defendant was both aware of and assisted in Adyen's unlawful conduct. Such knowledge was based, in part, on Adyen's extensive marketing of its fraud prevention and risk management services. Additionally, during the integration process Adyen provides instruction to merchants,

like Defendant, as to how its systems operate. This includes both where and how it utilizes the data it collects from its merchants to provides its fraud prevention and risk management services.

Accordingly, Defendant's Motion should be dismissed in its entirety.

## BACKGROUND

On August 12, 2024 Defendant moved to dismiss Plaintiff's operative complaint. ECF No. 24. On October 21, 2024 the Court granted Defendant's motion with leave to amend, finding that Plaintiff did not "sufficiently allege Defendant's knowledge of Adyen's allegedly wrongful conduct or Defendant's intent to assist Adyen in that conduct." ECF No. 32 ("Order"). On November 8, 2024 Plaintiff filed her Second Amended Complaint adding additional allegations as to Adyen's practices and Defendant's knowledge of those practices to cure the deficiencies identified in the Order. ECF No. 33 ("SAC"). Despite these additional allegations, Defendant once again moves to dismiss Plaintiff's claims, arguing that she has still not sufficiently allegedly Defendant's knowledge of and assistance in Adyen's wrongful conduct. ECF No. 34 ("Motion").

## LEGAL STANDARD

Under a Rule 12(b)(6) analysis, a motion to dismiss should be denied where the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 960. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"In deciding whether the plaintiff has stated a claim upon which relief has been granted, the court accepts her allegations as true and draws all reasonable inferences in her favor." *Humphrey v. J.M. Smucker Company*, 2023 WL 3592093, at *4 (N.D. Cal. May 22, 2023). Finally, "[i]f the court dismisses the complaint, it 'should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

## ARGUMENT

### I. DEFENDANT WAS KNOWLEDGEABLE OF AND ASSITED IN ADYEN'S WRONGDOING

This Court has already found that Plaintiff has sufficiently alleged that Adyen violated the second and third clause of § 631(a). Order at 6. Similarly, the Court found that Plaintiff sufficiently alleged all three elements for her claim under § 632 as to Adyen's conduct. *Id.* at 9. The narrow issue raised in Defendant's Motion concerns its own knowledge of Adyen's wrongdoing. Motion at 4-5 (arguing that Plaintiff claims fail because she does "not point to any facts showing that YETI knew about or assisted Adyen in engaging in conduct that violates CIPA Sections 631(a) or 632.").

In its Order, the Court found that Plaintiff's allegations that "Defendant was 'aware of the purpose for which Adyen collects consumers' sensitive information because Defendant is knowledgeable of and benefiting from Adyen's fraud prevention services,'" was too conclusory "for the court to draw a plausible inference that Defendant knowingly agreed with or employed Adyen to engage in conduct that violated the wiretapping statute." Order at 8. In response, Plaintiff added numerous new allegations outlining Defendant's conduct in aiding Adyen's wrongdoing (*see, e.g.,* SAC ¶ 7) ("Defendant assisted Adyen in installing software, known as a cookie, on Plaintiff's browser without her knowledge or consent. This cookie allowed Adyen to surreptitiously monitor and intercept several additional pieces of PII"). Plaintiff also alleges that Adyen's extensive marketing to promote its tools and services to retailers, including Defendant, made clear that Adyen differentiates itself from its competitor payment processers by aggressively marketing its fraud detection services which use "network-wide insights" to "improve decisions on which payments to allow, block or send…" *Id.* ¶¶ 31; 38-39. Adyen markets these services to Defendant and other retailers with visual displays depicting its "network-wide insights," i.e., the intercepted consumer data accumulated by Adyen through the network of retailers utilizing its services:




*Id.* ¶ 31, Figure 3.

Plaintiff's SAC also details Defendant's knowledge of Adyen's services, explaining that during the integration process, Adyen explains to companies in its retail network (like Defendant) how Adyen's fraud prevention services operate, including where and how they receive the data that fuels their "insights". *Id.* ¶ 41. Moreover, Defendant knows that consumers are unaware that Adyen is intercepting their confidential communications. *Id.* ¶¶ 44-47. Such allegations establish Defendant's involvement in and knowledge of Adyen's scheme to unlawfully intercept and indefinitely store consumer personal and financial information.

Despite the several new allegations in Plaintiff's SAC, Defendant maintains that Plaintiff has failed to allege facts to support an inference that it had knowledge that "Adyen may use th[e] data for purposes beyond the processing of payment transactions." Motion at 6. Defendant primarily relies on *Sanchez v. Aviva Life & Annuity Co.* in support of its argument. However, *Sanchez* is distinguishable, as the plaintiff "fail[ed] to specify or describe [the defendant's] supposed 'involvement' with the [illegal conduct]." 2009 WL 10694223, at *3 (E.D. Cal. Nov. 18, 2009). Here, Plaintiff *has* explained both Defendant's involvement in Adyen's scheme (¶¶ 7, 33, 43), as well as its knowledge of Adyen's scheme (¶¶ 28, 33, 41, 52-54). Court's consistently find such pleadings to establish derivative liability under the CIPA. *See Valenzuela v. Nationwide Mut. Ins. Co.*, 686 F. Supp. 3d 969, 981 (C.D. Cal. 2023) ("Whether the third party's use was purely for

Nationwide's benefit, rather than for its own benefit, is immaterial under the statute. Allowing a third party to listen in makes the third party liable for a violation of Section 631. *Ribas v. Clark*, 38 Cal. 3d 355, 363, 696 P.2d 637 (1985). Section 631 makes clear that **aiding** a violation is also a violation. *See* Cal. Penal Code § 631(a). Nationwide may be liable for its conduct to **aid** Akamai's alleged violation."); *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1083 (C.D. Cal. 2021) ("a conversationalist is betrayed equally by a wiretapper and by the willing conversation participant who surreptitiously allows that third party to wiretap."); *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *2 (N.D. Cal. Oct. 23, 2019) (same).

## II. DEFENDANT'S CONDUCT IS A SERIOUS INVASION OF PRIVACY

To state a claim for invasion of privacy under California's Constitution, a plaintiff must establish "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Hill v. Nat'l Collegiate Athletic Ass'n*, 26 Cal. Rptr. 2d 834, 859 (Ct. App. 1994). This Court has already found that the Plaintiff's allegations satisfy the first two elements. Order at 10. Establishing the third element "turns on what specifically Plaintiff is alleging Defendant knew." *Id.* at 12. "[I]f Defendant was aware of Adyen's use of the personal information for additional purposes, this may present a plausible allegation that Defendant's conduct was sufficiently egregious to survive a motion to dismiss." *Id.* at 13.

Defendant did not engage Adyen merely for the purpose of processing transactions. Defendant specifically chose Adyen as its payment processer due to the fraud prevention services it offers. Defendant was aware of these services because Adyen "extensively markets these unique features and services" and "Adyen explains to companies, like Defendant, how their fraud prevention services operate" during the integration process. SAC ¶¶ 28, 41. Moreover, "Defendant assists Adyen in installing a cookie on its customers browser. Adyen then surreptitiously intercepts additional identifying information, including their device, network, and IP address associated with their transaction, as well as information related to whether they manually entered their payment information, how much time they spent on the checkout page, and how long

it took for them to complete the transaction." *Id.* ¶ 48. Defendant knows such information will be used to "identify customers across devices and networks." *Id.* ¶ 49. Moreover, this data will be recorded and stored indefinitely by Adyen. SAC, Figure 4. Courts in this District have already found such allegations to support a claim for invasion of privacy under similar circumstances. *See Silver v. Stripe Inc.*, 2021 WL 3191752, at *6 (N.D. Cal. Jul. 28, 2021) (denying defendant's motion to dismiss a California invasion of privacy claim because the plaintiffs alleged a reasonable expectation of privacy where defendant "compiled and disseminated plaintiffs' sensitive data").

Defendant also argues that Plaintiff's constitutional claim is precluded because she has not alleged that her information was shared "publicly." Motion at 8. That is wrong and contradicts Ninth Circuit precedent. *See Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 491 (9th Cir. 2019) ("Intrusion upon seclusion does not depend upon any publicity given to the person whose interest is invaded or to his affairs. Rather, it consists solely of an intentional interference with his interest in solitude or seclusion, either to his person or as to his private affairs or concerns, of a kind that would be highly offensive to a reasonable man.") (citations omitted). Defendant invaded Plaintiff's privacy by disclosing her private personal and financial information to Adyen. SAC ¶¶ 80-84. Nothing more is required.

## III. PLAINTIFF DID NOT CONSENT TO THE INTERCEPTION OF HER PRIVATE INFORMATION

This Court has already found that "[b]ased on how the Privacy Policy and Terms are displayed on Defendant's website, consent cannot be inferred." Order at 5. Rather than present new arguments, Defendant merely rehashes the same arguments this Court has already rejected. Accordingly, to the extend Defendant raises these arguments for purposes other than preservation, they should be rejected.

## IV. LEAVE TO AMEND SHOULD BE FREELY GIVEN

Courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As explained by the Supreme Court, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The Ninth Circuit has found a failure to abide by this mandate to result in reversible error. *Lopez*, 203 F.3d at 1131. Despite this basic principle,

Defendant argues that the Court should deny leave to amend, because doing so would be "futile." Motion at 9. However, the authority relied upon by Defendant is distinguishable. *DeSoto* concerned "a claim by an employee who refuse[d] to work based on his erroneous belief that what he was asked to do was a violation of California law." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). This is in stark contrast here, where Plaintiff's claims merely turn on what she can establish Defendant knew regarding Adyen's use of consumer information. Defendant's remaining authority is similarly distinguishable. In *Moore*, the plaintiff requested leave to file a third amended complaint to add a new cause of action. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 534 (9th Cir. 1989). However, the court rejected this request, explaining that the proposed new claim "was subject to dismissal because it lacked allegations of any facts to show that any of the accountants, lawyers or stockbrokers had been in privity with any investor in any sales transaction[.]" *Id.*

Although Plaintiff believes she has sufficiently pled all cases of action, should the Court require additional allegations, Plaintiff respectfully requests that leave to amend be given one final time.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant's Motion in its entirety. Should the Court find dismissal of any claims warranted, Plaintiff seeks leave to amend the Complaint.

Dated: December 20, 2024

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Sarah N. Westcot*

Sarah N. Westcot (State Bar No. 264916)
Stephen A. Beck (*pro hac vice*)
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: (305) 330-5512
E-mail: swestcot@bursor.com
sbeck@bursor.com

*Counsel for Plaintiff*