**O'MELVENY & MYERS LLP**
RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
MATTHEW D. POWERS (S.B. # 212682)
mpowers@omm.com
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

REBECCA A. GIROLAMO (S.B. #293422)
rgirolamo@omm.com
400 South Hope Street, Suite 1900
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendant
YETI Coolers, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

TAYLOR SMITH, individually and on behalf of all others similarly situated,

Plaintiff,

v.

YETI COOLERS, LLC,

Defendant.

Case No. 3:24-cv-01703-RFL

**YETI COOLERS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Date: February 4, 2025
Time: 10:00 AM
Courtroom: 15, 18th Floor
Judge: Hon. Rita F. Lin

## I. INTRODUCTION

The allegations in the Second Amended Complaint that Plaintiff's Opposition argues save her statutory and constitutional privacy claims are not materially different from—and in some cases are identical to—the allegations in her First Amended Complaint that the Court already held were deficient. The Court's Order dismissing the FAC held that Plaintiff's failure to "sufficiently allege" YETI's "knowledge of Adyen's allegedly wrongful conduct" or of YETI's "intent to assist Adyen in that conduct" was fatal to each of her three privacy claims. Order at *1. The Opposition cannot overcome the SAC's continued failings on those issues. The SAC's factual allegations are not new or are only new on irrelevant points separate from YETI's alleged knowledge. The Opposition's pointing to the SAC's additional conclusory assertions about YETI's knowledge likewise does not save her claims either. Plaintiff still lacks factual allegations linking YETI's alleged information sharing with its payment processor to knowledge and intent by YETI to support alleged privacy violations by Adyen. The Court should dismiss her claims under California Invasion of Privacy Act Sections 631 and 632 and her constitutional privacy claim.

Plaintiff's Opposition also provides no valid argument against an independent problem with her constitutional privacy claim: that the SAC does not allege that YETI ever shared Plaintiff's information publicly. Instead, the Opposition wrongly argues that the Ninth Circuit ruled in her favor on the issue. She does not address the California appellate decision on this independently dispositive point of California law.

Plaintiff's inability to correct the deficiencies in her allegations confirms that the major flaws underlying her claims are incurable. Allowing her to file a third amended complaint as yet another bite at the apple would be futile. The Court should dismiss the SAC with prejudice.

## II. ARGUMENT

### A. Plaintiff's CIPA Claims Fail As A Matter Of Law.

Plaintiff admits that key issues on this motion are YETI's knowledge of Adyen's alleged wrongful acts, Opp. at 3, and whether YETI intended to assist Adyen in those acts, *id.* at 2. *See also* Order at 7 (holding that the CIPA section 631 claim against YETI requires a "level of knowledge and intent."); *id.* 10 (Section 632 claim requires knowledge and substantial

assistance). The Court previously rejected Plaintiff's argument that derivative liability under Section 631, clause four, requires "simply enabl[ing] another's wrongdoing." Opposition to YETI MTD at 6-7, ECF 24; Order at 7. And the Opposition cannot overcome the continued absence of factual allegations of YETI's supposed knowledge and wrongful intent. Plaintiff continues to fail to point to factual content sufficient to state a claim under the derivative liability standard for either CIPA claim, as required for both of her CIPA claims. *Id.* at 7, 10.

The SAC is devoid of any ***factual*** allegations that would allow a reasonable inference that YETI had the required knowledge of and intent to aid Adyen's allegedly unlawful conduct. The Opposition cites multiple allegations in the SAC, but like those in the FAC, many do not address YETI's knowledge and intent or do so only in a conclusory manner. A threshold problem is that the Opposition repeatedly relies on allegations in the SAC that appeared verbatim in the failed FAC. *Compare* Opp. at 4 (citing SAC ¶¶ 31) *with* FAC ¶ 28 (identical allegation); *compare* Opp. at 4 (citing SAC ¶¶ 44-47) *with* FAC ¶ 35-38 (identical allegations); *compare* Opp. at 4 (citing SAC ¶ 52) *with* FAC ¶ 41 (identical allegation other than referring to "YETI" by name rather than as "Defendant").

The Opposition also relies on SAC allegations that use different words for the same substance as in the already-rejected FAC. *Compare* Opp. at 3, 5 (citing SAC ¶¶ 28, 38, discussing Adyen marketing fraud prevention services) *with* FAC ¶¶ 8, 40 (similarly discussing Adyen marketing fraud prevention services). In this regard, the Opposition trumpets the SAC's allegations that YETI "assisted Adyen in ***installing software***, known as a cookie, on Plaintiff's browser without her knowledge or consent" and that the "cookie allowed Adyen to surreptitiously monitor and intercept" certain information. SAC ¶ 7; *see also id.* ¶¶ 33, 48 (discussing allegations about cookies). But functionally similar allegations were in the FAC, where Plaintiff alleged that YETI "acted intentionally" "by ***integrating the code*** that allowed a third party to wiretap communications." FAC ¶ 12; *see also id.* ¶¶ 24, 34 (further allegations of code integration), *id.* ¶ 70 (alleging installation of wiretaps). There is no material difference between the FAC's inadequate allegations that YETI integrated Adyen's code and the SAC's allegations that YETI installed a "cookie" from Adyen on its website—much less a difference that somehow now shows

that YETI ***knew and intended that*** its integration of payment processing software would "assist" Adyen in committing acts that violated CIPA Sections 631 and 632.

Nor can Plaintiff's minor repackaging of allegations in the SAC obscure that her additions about ***YETI*** are more new conclusory statements, not factual allegations sufficient to cure the defects that the Court identified. For example, the Opposition cites an allegation in the SAC that "[d]uring the integration process, Adyen explains to companies, like Defendant, how their fraud prevention services operate, including where and how they receive the data that fuels their insights." SAC ¶ 41. But this conclusory assertion does not move the needle because it still lacks any factual allegation about what YETI knew and intended. The SAC does not, for example, allege Adyen explained ***to YETI*** that Adyen's fraud prevention services collected and shared data about ***YETI's*** customers like Plaintiff during "Adyen's processing of payment from [YETI's] website," as the Court held is required. Order at 8. Likewise, the Opposition points to conclusory assertions in SAC Paragraphs 52-53 that YETI "is knowledgeable of and benefiting from Adyen's fraud prevention services" and "knows that it is unlawful for Adyen to obtain and utilize consumer's sensitive PII and financial information for its own benefit without consumers' consent to do so." SAC ¶¶ 52-53. But these echo conclusory assertions of knowledge the Court previously found to be inadequate in the FAC. FAC ¶ 3 ("Unbeknownst to Plaintiff and consumers, Defendant knowingly and willfully assists a third party with intercepting and recording confidential communications that contain consumers' sensitive financial information."); FAC ¶ 41 ("Defendant is knowledgeable of and benefiting from Adyen's fraud prevention services.").

Plaintiff also fails to grapple with the Order or the cases that YETI cited in its briefing that establish that derivative liability under either CIPA section requires more than just a vague allegation that YETI was aware of Adyen's wrongdoing. Order at 7, 10; Mot. at 5-7; *see Esparza v. UAG Escondido A1, Inc.*, 2024 WL 559241, at *6 (S.D. Cal. Feb. 12, 2024), *Heiting v. Taro Pharms. USA, Inc*., 709 F. Supp. 3d 1007, 1019 (C.D. Cal. 2023). Instead, the Opposition argued that *Sanchez v. Aviva Life & Annuity Co*., 2009 WL 10694223 (E.D. Cal. Nov. 18, 2009) is distinguishable because the *Sanchez* plaintiff "fail[ed] to specify or describe [the defendant's]

supposed 'involvement' with the [illegal conduct]. Opp. at 4 (alterations in Opp.). But the failures in *Sanchez* are not distinguishable from the failures of Plaintiff here. The *Sanchez* court dismissed claims based on the same type of conclusory allegations about knowledge that Plaintiff is pleading here—e.g., the insurance agent "explained" his plan to the insurer and the agent presented its plan during a free seminar to investors with the insurer's "knowledge [and] involvement." *Id.* at *3. As in *Sanchez*, Plaintiffs' conclusory assertion that Adyen "explained" to companies "like" YETI how its fraud prevention services function, without more, cannot adequately show the kind of knowledge required to find that YETI is derivatively liable for Adyen's purported violations of CIPA Section 631 and 632.

The other cases cited in the Opposition are simply not relevant to whether Yeti knew and intended to assist Adyen in its allegedly unlawful conduct. The Opposition cites four cases that address third-party liability and the party exception under Section 631—an issue not relevant to YETI's current motion. Opp. at 4-5, citing *Valenzuela v. Nationwide Mut. Ins. Co*., 686 F. Supp. 3d 969, 981 (C.D. Cal. 2023), *Ribas v. Clark*, 38 Cal. 3d 355, 363 (1985), *Yoon v. Lululemon USA, Inc*., 549 F. Supp. 3d 1073, 1083 (C.D. Cal. 2021), and *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *2 (N.D. Cal. Oct. 23, 2019). Plaintiff gains no benefit pointing to these cases to support her argument that a defendant can be liable under Section 631(a), clause four, for aiding in wiretapping if they allow a third party to access the communication. These cases do not discuss and are unconnected to fundamental deficiency in the SAC: Plaintiff's failure to allege YETI's knowledge of Adyen's conduct that violates the statute.

In sum, the Opposition fails to resolve the pleading gap about YETI's knowledge, and the Court should dismiss the CIPA claims again, this time with prejudice.

**B. <u>Plaintiff's Constitutional Invasion of Privacy Claim Must Be Dismissed Because She Fails to Allege Facts Showing a Serious Invasion of Privacy or Any Public Dissemination of Her Private Facts.</u>**

Plaintiff's continued failure to allege YETI's knowledge also precludes her privacy claim under the California constitution. Plaintiff does not dispute that she must make factual allegations establishing conduct ***by YETI*** that is so egregious that it constitutes a serious invasion of privacy. *See* Order at 12; Mot. at 8. In the Order, the Court dismissed the claim in the FAC, holding that

Plaintiff had not pled facts sufficient to allow a plausible inference that YETI knew of "Adyen's usage of [users'] personal information for additional purposes" other than "ordinary payment processing responsibilities." Order at 12-13. Plaintiff's "new" allegations, repeated in the Opposition's argument about her constitutional privacy claim, cannot overcome this obstacle for the same reasons they remain inadequate to state a CIPA claim for derivative liability. *See supra* Section II(A).

Plaintiff cannot avoid this failure by pointing in her Opposition to the SAC's new conclusory assertion that Adyen's fraud prevention services "go far beyond routine commercial behavior." SAC ¶ 38. Absent from this asserted conclusion are any factual allegations establishing that YETI's conduct was egregious because YETI knew about and, nonetheless, substantially assisted Adyen's supposed violations of Plaintiff's rights. *See supra* Section II(A) (describing deficiencies in knowledge allegations).

An independently fatal problem for this claim is that the Opposition does not deny that the SAC fails to allege facts showing that the information shared with Adyen was communicated "to the public in general or to a large number of persons." *See* Mot. at 7-8 (citing *Kinsey v. Macur*, 107 Cal. App. 3d 265, 270 (1980)). Plaintiff fails to point to a single allegation that would establish this requirement. Instead, the Opposition wrongly claims YETI's argument contradicts Ninth Circuit precedent. Not so. Plaintiff relies entirely on a quote from *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 491 (9th Cir. 2019) for the proposition that a plaintiff need not allege her information was shared publicly. Opp. at 6. But *Nayab* was not discussing a California constitutional or common-law privacy claim. Rather, the quoted language concerned Article III standing in the context of a federal Fair Credit Reporting Act claim. 942 F.3d at 489-93. Plaintiff's error is not inadvertent. She made this same inaccurate argument to the Court in prior briefing, and YETI already explained this problem. Relevant law on point is clear: *Kinsey* and the district courts in the Ninth Circuit following it dictate dismissal here because the allegedly private information was not publicly shared. *See, e.g.*, Mot. at 7-8; *Kinsey*, 107 Cal. App. 3d at 270; *see also Tomczak v. Safeway, Inc.*, 1997 WL 564049, at *6 (N.D. Cal. Aug. 26, 1997) (dismissing constitutional privacy claim against defendant grocery store for conducting an investigation about

whether plaintiff was under the influence of drugs because there was no disclosure of the specifics of the investigation to the general public); *White v. Soc. Sec. Admin.*, 111 F. Supp. 3d 1041, 1053-54 (N.D. Cal. 2015) (dismissing plaintiff's constitutional privacy claim even though defendant Social Security Administration employee photocopied Plaintiff's identity documents without authority to do so because plaintiff failed to allege that defendant distributed the documents.).

### C. <u>Plaintiff Consented to YETI's Sharing of Information With Adyen.</u>

As noted in its Motion, YETI asserts again, for appeal preservation purposes that Plaintiff constructively assented to its privacy policy and terms, which disclosed the use of payment processors and the potential collection of certain data during transactions and, therefore, bars her CIPA claims against YETI. *See* YETI MTD at 6-8, ECF No. 23; YETI's RJN, ECF No. 23-6; Declaration of Hannah Tucker, ECF No.23-2.

### D. <u>The Court Should Not Give Plaintiff Further Leave to Amend Yet Again Because Further Amendment Would Be Futile.</u>

Confronted with YETI's argument that further leave to amend would be futile, Mot. at 9, Plaintiff does not suggest any additional factual allegations she could make in a ***third*** amended complaint to overcome the continued deficiencies of her claims. The Order was clear about the problems with the FAC, and the limited additions in the SAC confirm that still-further amendment would be futile. Plaintiff fails to address futility in her Opposition by even hinting what more she could allege in good faith. Thus, she cannot distinguish cases setting forth well-settled law that: "[r]epeated failure to cure deficiencies by amendment previously allowed is also a reason to deny leave to amend." *Hunthausen v. Spine Media, LLC*, 678 F. Supp. 3d 1228, 1232 (S.D. Cal. 2023); *see also Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004); *Walker v. City of Los Angeles*, 21 F.3d 1119, at *1 (9th Cir. 1994). Where the plaintiff has previously filed an amended complaint—as Plaintiff here has now done twice—"the district court's discretion to deny leave to amend is particularly broad." *Miller*, 358 F.3d at 622. The Court should grant the motion to dismiss with prejudice.

## III. CONCLUSION

The Court should grant YETI's Motion to Dismiss Plaintiff's Second Amended Complaint in its entirety and with prejudice.

Dated: January 10, 2025

O'MELVENY & MYERS LLP

By: */s/ Randall W. Edwards*
Randall W. Edwards

*Attorney for Defendant YETI Coolers, LLC*