UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR SMITH,<br><br>        Plaintiff,<br><br>v.<br><br>YETI COOLERS, LLC,<br><br>        Defendant. | Case No. 24-cv-01703-RFL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 34 |

      Plaintiff Taylor Smith alleges that Defendant YETI Coolers, LLC ("Defendant" or "YETI") uses a third-party payment processor, Adyen, to process customer purchases on its website, and that Adyen incorporates customers' financial information into its fraud prevention system, which it then markets to merchants without customers' consent. Based on these allegations, Plaintiff brought a putative class action under the California Invasion of Privacy Act ("CIPA"), for violations of California Penal Code §§ 631(a) and 632, and under California's Constitution, for invasion of privacy. The Court previously granted Defendant's motion to dismiss Plaintiff's First Amended Complaint ("FAC") with leave to amend because the operative complaint did not "sufficiently allege Defendant's knowledge of Adyen's allegedly wrongful conduct or Defendant's intent to assist Adyen in that conduct." (Dkt. No. 32 ("Order Granting MTD") at 1.)[1] Now, Defendant moves to dismiss Plaintiff's Second Amended Complaint ("SAC"). (Dkt. No. 34.) As explained in greater detail below, because Plaintiff failed to correct the deficiencies previously identified, the motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND**. This order assumes that the reader is familiar with the facts of the case, the applicable legal standard, and the parties' arguments.

      ***California Penal Code Section 631(a).*** To state a claim under § 631(a), Plaintiff must allege sufficient facts to show that Defendant either (1) engaged in intentional wiretapping; (2)

---

[1] Citations to page numbers refer to the ECF pagination.

1

willfully read "the contents or meaning" of a communication without consent; (3) attempted to use or communicate information obtained as a result of engaging in the previous two activities; or (4) aided another in any of the previous three activities.  Cal. Penal Code § 631(a).  Plaintiff's theory is that Defendant is derivatively liable under the fourth clause of § 631(a) because Defendant "aided, agreed with, and conspired with Adyen to track and intercept Plaintiff's and Class Members' internet communications while accessing www.yeti.com."  (SAC ¶ 68; *see also* FAC ¶ 55 (including identical language).)

The prior motion to dismiss order concluded that Plaintiff sufficiently alleged a basis for Adyen's liability under both the second and third clauses of § 631(a), but that Plaintiff had not adequately alleged a basis for Defendant's derivative liability because she "fail[ed] to allege facts sufficient to show [that Defendant had] the requisite knowledge and intent."  (Order Granting MTD at 8.)  The First Amended Complaint made only conclusory allegations that that Defendant was "aware of the purposes for which Adyen collects consumers' sensitive information because Defendant is knowledgeable of and benefitting from Adyen's fraud prevention services," and that Defendant "assist[ed] Adyen in intercepting and indefinitely storing this sensitive information."  (FAC ¶¶ 39, 41; *see also* FAC ¶ 3 (Defendant "knowingly and willfully assist[ed] a third party with intercepting and recording [] confidential communications that contain consumers' sensitive financial information").)  Those allegations were insufficient to support a plausible inference that Defendant knowingly agreed with or employed Adyen to engage in conduct that violated the wiretapping statute.  (Order Granting MTD at 8.)

The Second Amended Complaint suffers from the same deficiency.  The SAC adds new allegations that "[d]uring the integration process, Adyen explains to companies, like Defendant, how their fraud prevention services operate, including where and how they receive the data that fuels their insights"; that "Defendant knows that the [personally identifiable information] and financial information it allows Adyen to intercept from its Website will be indefinitely stored and incorporated into Adyen's fraud prevention services because Adyen has explained to Defendant

that this is how its services functions; and that, "when aiding and assisting Adyen's wiretapping and eavesdropping, [Defendant] intended to help Adyen learn some meaning of the content in the form fields entered by Plaintiff." (SAC ¶¶ 41, 54, 69.)

These allegations are again conclusory. They do not contain facts about what Adyen communicated to Defendant about how its fraud prevention services operate or about how customer information is stored and incorporated in Adyen's software. Absent such factual allegations, no plausible inference can be drawn that Defendant knowingly aided or assisted Adyen, in violation of § 631(a). Accordingly, the motion to dismiss this claim is granted.

**California Penal Code Section 632.** To state a claim under § 632, Plaintiff must show there was (1) an electronic recording of (2) a confidential communication and (3) all parties did not consent. *Turner v. Nuance Cmmc'ns, Inc.*, No. 22-cv-05827, 2024 WL 2750017, at *4 (N.D. Cal. May 28, 2024). There is no dispute that there was an electronic recording of the communication. The prior dismissal order held that Plaintiff plausibly alleged that the communications were confidential and that she did not consent to the recording, but that Plaintiff did not allege sufficient facts to "support a plausible inference of derivative liability." (Order Granting MTD at 9.) Plaintiff has failed to correct this deficiency in her Second Amended Complaint. To establish derivative liability under § 632, "Defendant must have knowledge of the other's conduct and must have provided substantial assistance." (*Id.* at 10.) As explained above, the Second Amended Complaint does not allege sufficient facts to support a plausible inference that Defendant had knowledge of Adyen's unlawful conduct, nor does it sufficiently allege that Defendant acted with the requisite intent to substantially aid such conduct. Therefore, the motion to dismiss this claim is granted.

**Invasion of Privacy Under the California Constitution.** To plead an invasion of privacy claim, Plaintiff must establish three elements: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Hill v. Nat'l Collegiate Ass'n*, 26 Cal. Rptr. 2d 834, 859 (Ct. App. 1994). "Actionable invasions of privacy must be sufficiently serious in their

nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Id.* at 857.

The prior dismissal order concluded that Plaintiff had not alleged sufficient facts from which the Court could plausibly infer that Defendant's conduct was so egregious as to constitute a "serious invasion of privacy." The use of an outside payment processor, without more, would not be such an invasion, absent Defendant's awareness that Adyen was using the information for additional unauthorized purposes. (Order Granting MTD at 12-13.) That deficiency has not been cured. As discussed above, Plaintiff's amended allegations do not support a plausible inference that Defendant was aware of Adyen's allegedly unlawful conduct. Although the Second Amended Complaint alleges that Defendant "knows that the [personally identifiable information] and financial information it allows Adyen to intercept from its Website will be indefinitely stored and incorporated into Adyen's fraud prevention services," as previously explained, without more, this conclusory allegation cannot sustain this claim. (SAC ¶ 54.) Accordingly, the motion to dismiss this claim is granted.

*Conclusion.* For the reasons described above, the motion to dismiss is granted with respect to all claims. Because Plaintiff was already provided opportunity for amendment, yet failed to correct the previously identified deficiencies, further amendment appears futile. Accordingly, the motion to dismiss is granted without leave to amend.

The Clerk of the Court is directed to enter judgment in favor of YETI, and against Smith, and to close the case.

**IT IS SO ORDERED.**

Dated: March 14, 2025

　　　　　　　　　　　　　　　　　　　　　　RITA F. LIN
　　　　　　　　　　　　　　　　　　　　　　United States District Judge